

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-29-2005

# Williams v. Cambridge Integrated

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4342

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Williams v. Cambridge Integrated" (2005). *2005 Decisions.* Paper 644.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/644

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4342

AMARK WILLIAMS, SR.,
                                    Appellant

v.

CAMBRIDGE INTEGRATED SERVICES GROUP;
BARBARA BROWN, Regional Manager;
DEBRA DELUCA, Assistant Manager;
CINDY RATHGEB, Unit Supervisor;
DHL AIRBORNE EXPRESS COMPANY;
MARY ANN DOYLE; PLAN ADMINISTRATORS/BENEFITS COMMITTEE;
LOLITA LIGGONS, Ms., Account Manager
JANE AND JOHN DOE, Numbers 1 Through 99

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-01971)
District Judge:  Honorable Lawrence F. Stengel

_____

Submitted Under Third Circuit LAR 34.1(a)
August 26, 2005
Before:  SLOVITER, BARRY AND FISHER, CIRCUIT JUDGES

(Filed: August 29, 2005 )

_____

OPINION

_____

PER CURIAM

Appellant, Amark Williams, appeals from the orders of the District Court for the Eastern District of Pennsylvania dismissing with prejudice his employment discrimination action pursuant to Federal Rule of Civil Procedure 16(f), denying various pending motions, and imposing a pre-filing injunction.

In April 2004, Williams filed a complaint in the Court of Common Pleas for Montgomery County, Pennsylvania, raising federal and state law claims arising out of his allegedly wrongful discharge in April 2002. The Defendants removed the action to District Court in May 2004, claiming that the state court complaint arose out of the same operative facts and asserted essentially similar causes of action as another employment discrimination action filed in District Court by Williams that was dismissed with prejudice upon Williams's request pursuant to Fed. R. Civ. P. 41(b). See Williams v. Cambridge Integrated Services, Inc., Civ. A. No. 03-01554 (E.D. Pa. Mar. 30, 2004). In September 2004, Williams filed a motion to remand claiming that he was not properly served with notice of the removal and that the state court complaint failed to allege any federal question. Prior to a status conference scheduled for November 2, 2004, Williams moved for a stay of the proceedings pending the District Court's decision on removal stating that he would experience "irreparable harm if the proceedings are allowed to continue," and that he was taking medication related to a surgical procedure he had undergone sometime in October 2004. When Williams failed to appear for the status

2

conference, the defendants made an oral motion to dismiss the action pursuant to Fed. R. Civ. P. 16(f), citing Williams's failure to appear at a prior scheduling conference on August 17, 2004, and Williams's history of filing frivolous motions in the 2003 employment discrimination action for which he was sanctioned. The District Court denied Williams's stay motion by order entered on November 2, 2004. The following day, it granted the defendants' Rule 16(f) motion and dismissed the case, finding that Williams had acknowledged that he knew of the November status conference but had provided no justification for his failure to attend. On November 12, 2004, Williams filed a timely appeal, a Rule 59(e) motion, and motions to recuse, to stay the proceeding, and "for judicial intervention." On November 16, 2004, the District Court denied all of the motions as moot and enjoined Williams from further filing any motion, pleading, or other paper in the case without leave of the court.[1]

The District Court had jurisdiction over this matter by virtue of 28 U.S.C. § 1331. We have jurisdiction to review the District Court's final order pursuant to 28 U.S.C. § 1291. We review the District Court's dismissal of an action under Rule 16(f), the imposition of a pre-filing injunction, and the denial of a motion for reconsideration for abuse of discretion. See National Hockey League v. Metropolitan Hockey Club, Inc., 427

---

[1]Williams filed a second notice of appeal on November 24, 2004, which was docketed as C.A. No. 04-4443. Both appeals, 04-4342 and 04-4443, were terminated for failure to pay fees. In March 2005, we granted Williams's motion to reopen the appeal at No. 04-4342. We denied his motion to consolidate the appeals as moot because the initial notice of appeal is effective as to both the November 3 and November 17, 2004 orders.

3

U.S. 639 (1976) (Rule 16(f)); <u>Matter of Packer Ave. Associates</u>, 884 F.2d 745, 746-47 (3d Cir. 1989) (pre-filing junction); <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 673 (3d Cir. 1999) (reconsideration motion).

In <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984), we directed district courts to balance six factors in determining whether a dismissal with prejudice is an appropriate sanction for noncompliance with court orders. Those six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. <u>Id</u>. at 868. Not every factor must weigh in favor of dismissal so long as most do. <u>See</u> <u>Mindek v. Rigatti</u>, 964 F.3d 1369, 1373 (3d Cir. 1992). We have cautioned, however, that punitive dismissal "is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." <u>Donnelly v. Johns-Manville Sales Corp.</u>, 677 F.3d 339, 342 (3d Cir. 1982).

Here, without conducting an analysis of the <u>Poulis</u> factors, the District Court simply found that Williams provided no justification for failure to attend the status conference and dismissed the action. But Williams sought to stay the status conference, asserting that he had undergone surgery recently and was currently under medication.

4

Although the District Court did not abuse its broad discretion in denying the stay motion itself, see Texaco Inc. v. Borda, 383 F.2d 607, 608 (quoting Landis v. North American Co., 299 U.S. 248 (1936)), it did err in failing to consider the medical excuse when it decided to dismiss the action under Rule 16(f), and again, when it denied reconsideration. At the very least, Williams's medical excuse is a relevant factor to consider in the Poulis analysis, especially on the issue of whether his failure to attend the status conference was willful and intentional. Moreover, the District Court did not warn Williams that his failure to attend the status conference could result in dismissal. See e.g., Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) (holding that the sanction of dismissal should not be imposed against a pro se litigant unless "a warning has been given that noncompliance can result in dismissal"). Accordingly, we will vacate the District Court's dismissal order and its order denying reconsideration. And, we will vacate the denial of Williams's other motions filed on November 12, 2005, so that the District Court may consider these motions on their merits on remand.

Finally, we turn to the District Court's sua sponte pre-filing injunction. We have long recognized that a pre-filing injunction is an extreme remedy which must be "narrowly tailored and sparingly used." Abdul-Akbar v. Watson, 901 F.2d 329, 332 (3d Cir. 1990) (quoting Matter of Packer Ave. Associates, 884 F.2d 745, 747 (3d Cir. 1989)). A pre-filing injunction is an exception to the general rule of free access to the courts and its use against a pro se plaintiff must be approached with caution. See In re Oliver, 682

5

F.2d 443, 445 (3d Cir. 1982). Sufficient notice and opportunity to be heard are essential prerequisites to the entry of a pre-filing injunction. See In re Oliver, 682 F.2d at 445-446. Here, the District Court erred in failing to afford Williams the notice and opportunity to respond that are required when injunctions of this type are considered. See e.g., Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987). Therefore, we will vacate the District Court's pre-filing injunction order.

To summarize, we will vacate the District Court's orders dismissing the action pursuant to rule 16(f) and denying Williams's motions seeking reconsideration, a stay of proceedings, recusal, and judicial intervention. We will also vacate the District Court's pre-filing injunction order. We will remand for further proceedings consistent with this opinion.