

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-30-2007

# Williams v. Cambridge Integrated

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4344

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Williams v. Cambridge Integrated" (2007). *2007 Decisions.* Paper 1058.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1058

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4344
_____

AMARK WILLIAMS, SR., Appellant

v.

CAMBRIDGE INTEGRATED SERVICES GROUP; BARBARA BROWN,
REGIONAL MANAGER; DEBRA DELUCA, ASSISTANT MANAGER; CINDY
RATHGEB, UNIT SUPERVISOR; DHL AIRBORNE EXPRESS COMPANY; MARY
ANN DOYLE; PLAN ADMINISTRATORS/BENEFITS COMMITTEE; LOLITA
LIGGONS, MS. ACCOUNT MANAGER JANE AND JOHN DOE, NUMBERS 1
THROUGH 99
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-01971)
District Judge: Honorable Lawrence F. Stengel
_____

Submitted Under Third Circuit LAR 34.1(a)
May 23, 2007

Before:   RENDELL, HARDIMAN AND COWEN, CIRCUIT JUDGES.

(Filed : May 30, 2007)
_____

OPINION
_____

PER CURIAM

       Appellant, Amark Williams, appeals from the District Court order denying

his motion to reopen under Federal Rule of Civil Procedure 60(b). We will affirm.

I.

In 2004, Williams filed a pro se state court complaint. The Defendants removed the action to the United States District Court for the Eastern District of Pennsylvania. A status conference was scheduled for November 2, 2004. When Williams did not appear at the conference, the District Court granted the Defendants' oral motion to dismiss the action pursuant to Federal Rule of Civil Procedure 16(f). On November 12, 2004, Williams filed an appeal, a Rule 59(e) motion, and motions to recuse, to stay the proceeding and "for judicial intervention." The District Court denied these motions as moot. On appeal, we vacated the District Court order dismissing the action, after determining that Williams had sought to stay the November 2, 2004 status conference because he had recently undergone surgery and was under medication. See Williams v. Cambridge Integrated Servs. Group, 148 F. Appx. 87 (3d Cir. 2005)(not precedential). Furthermore, we vacated the denial of Williams' November 12, 2004 motions so that the District Court could consider them on the merits.

On remand, Williams failed to appear at a status conference on October 5, 2005, in the District Court. The District Court granted the Defendants' motion to strike the complaint and allowed Williams twenty days to amend the complaint. Furthermore, the District Court stated that if Williams did not file an amended complaint, the action would be dismissed. On November 7, 2005, the District Court ordered Williams to appear on December 5, 2005, to show cause why the case should not be dismissed for

2

Williams' failure to file an amended complaint. As with other District Court correspondence with Williams, this order was mailed to Williams' address at 47 Winston Court, Blue Bell, Pennsylvania. However, this notice about the December 5, 2005 hearing was returned to the District Court as undeliverable.[1] Williams did not appear at the December 5, 2005 hearing. On December 28, 2005, the District Court dismissed the case with prejudice for failure to prosecute.

On March 31, 2006, Williams filed a motion to reopen pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6). In the motion, Williams stated that he never received notice of the October 5, 2005 or December 5, 2005 hearing. Williams stated that his current address is P.O. Box 7131, Elkins Park, Pennsylvania. The District Court denied Williams' Rule 60(b) motion to reopen. Williams timely filed a notice of appeal.[2]

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. An appeal from the denial of a Rule 60(b) motion, the filing of which does not toll the time to appeal the judgment, does not bring up the underlying judgment for review on appeal. See Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 161 n.3 (3d Cir. 2004). Because Williams' Rule 60(b) motion did not toll the time to appeal the December 2005 order

---

[1] Indeed, it appears that starting in November 2005, all District Court mail to Williams at the 47 Winston Court address was returned as undeliverable.

[2] Initially, the District Court denied Williams' motion on July 19, 2006. The District Court vacated the July 19, 2006 order and again denied Williams' Rule 60(b) motion to reopen on August 14, 2006. Williams filed a notice of appeal on August 18, 2006.

dismissing the action for failure to prosecute, see Fed. R. App. P. 4(a)(4)(A)(vi), we lack jurisdiction over the District Court's December 2005 order. Therefore, we may examine only the District Court's August 2006 order denying Williams' Rule 60(b) motion. We review the District Court's denial of a Rule 60(b) motion for abuse of discretion. See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002).

## III.

Williams' Rule 60(b) motion asserted that the matter should be reopened due to excusable neglect. He stated that he never received notice of the 2005 District Court hearings at his P.O. Box 7131 address. To determine excusable neglect under Rule 60(b), a court must take into account all relevant circumstances surrounding the party's omission, including: (1) the danger of prejudice; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay (including whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); see also In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 125 n.7 (3d Cir. 1999)(stating that the Pioneer analysis of excusable neglect applies in the context of deciding a Rule 60(b) motion).

From the time this case was removed to the District Court in 2004, Williams received communication from the District Court (including the notices about the October 5, 2005 and December 5, 2005 hearings) at his 47 Winston Court, Blue Bell, Pennsylvania address. Williams failed to formally notify the District Court that his 47

4

Winston Court address was no longer valid. Williams was certainly on notice that this was his address of record as it related to District Court orders. He did not formally notify the District Court that this address was no longer valid until August 2006. Furthermore, Williams waited at least five months after this Court's remand in August 2005 to inquire about the status of his case in the District Court.

Applying the factors set forth in Pioneer, we find that the District Court did not abuse its discretion in denying Williams' Rule 60(b) motion. Williams' failure to update his address of record in the District Court, coupled with his delay in failing to inquire about the status of his case in the District Court, did not constitute excusable neglect under these circumstances.

IV.

In conclusion, we will affirm the District Court's decision denying Williams' Rule 60(b) motion. The District Court did not abuse its discretion in denying the motion.