

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-7-2006

# Tilbury v. Aames Home Loan

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1214

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Tilbury v. Aames Home Loan" (2006). *2006 Decisions.* Paper 472.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/472

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1214
_____

DAVID L. TILBURY; ANN E. TILBURY,
                                        Appellants

v.

AAMES HOME LOAN, a/k/a Aames Funding Corp, a/k/a Aames
Financial Corporation; A. JAY MEYERSON, CEO of Aames;
HAROLD G. BELKOWITZ, Counsel for Aames; FIRST AMERICAN TITLE
INSURANCE COMPANY; GARY L. KERMOTT; NANCY NEWMAN-BROWN;
GEORGE M. CONWAY, III; STEPHEN MCNALLY; CENLAR F.S.B.;
MICHAEL W. YOUNG, CEO; KIMBERLY ANN GLOSSO HAGEN;
KELLY LUTZ; NANCY IRWIN; TERRY KANE; KRISTIN SHELLENBERGER;
ROSEMARY L. LEONARDIS; SHARI SEFFER; MICHAEL S. ACKERMAN;
JONATHAN M. PREZIOSI; MELISSA A. CHUDEREWICZ, Esq.;
BRUCE M. SATTIN, Esq.; ANDREW B. FINBERG; GRAIG L.
WELLERSON, J.S.C.; ADMINISTRATIVE OFFICE OF THE COURTS-STATE
OF NEW JERSEY; PHILIP S. CARCHMAN, J.A.D.; JUDE DELPREORE, T.C.A.;
RONALD E. BOOKBINDER, J.C.H.; JOHN DOE, and Jane Doe, Operator and/or
controller of Court Recording device

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-02033)
District Judge: Honorable Freda L. Wolfson

_____

Submitted Under Third Circuit LAR 34.1(a)
SEPTEMBER 5, 2006
Before: SLOVITER, SMITH AND VANANTWERPEN, Circuit Judges.

(Filed: September 7, 2006)
_____

OPINION
_____

PER CURIAM

Appellants, David and Ann Tilbury, appeal from the District Court's Order dismissing their complaint and barring them from filing further civil actions related to this matter in the United States District Court for the District of New Jersey in a pro se capacity without prior leave of the court. We will affirm the District Court's judgment and its decision to issue an order enjoining further pro se filings by the Tilburys.

The procedural background as well as the factual allegations underlying this cause of action are well known by the parties and need not be detailed here. Briefly, we note that appellants have a long tortured litigation history regarding the amount due on their 1985 mortgage. As summarized by the District Court, "the Tilburys have filed no fewer than seven bankruptcy petitions, three appeals or lawsuits in the United States District Court, two appeals to [this Court], and numerous state court actions arising in connection with certain of their loans and mortgages." District Court Amended Opinion at 3-4. With respect to their most recent federal filing (i.e., the one underlying this appeal), the District Court was not exaggerating when it remarked that the Tilburys' complaint "is an example of an 'everything but the kitchen sink' pleading in which they sue almost everyone 'under the sun.'" Id. at 16. According to the Tilburys, appellees have violated, inter alia, the Truth in Lending Act ("TILA"), Fair Housing Act, Real Estate Settlement Procedures Act ("RESPA"), Racketeering Influenced and Corrupt Organizations Act ("RICO"), False Statements Act, United States Constitution and the New Jersey Consumer Fraud Act during their various dealings with appellants. Additionally, the Tilburys allege that certain appellees conspired to defraud the Department of Housing and Urban Development ("HUD"), made false statements to HUD, and committed fraud, negligence

2

and breach of contract.

The complaint was voluntarily dismissed as to defendants Belkowitz, the Administrative Office of the New Jersey Courts, Philip Carchman, Jude Delpreore, and Judges Bookbinder and Wellerson. As for the remaining defendants, the District Court granted the numerous motions to dismiss that had been filed pursuant to Fed. R. Civ. P. 12(b)(6) in an Amended Opinion and Order entered on December 13, 2005. The District Court found that the majority of the claims asserted by the Tilburys had already been brought before another court and had been dismissed. Id., citing Tilbury v. Aames, et al., Burlington County, Law Division, Case No. L-000667-02. The court further found that the Tilburys had attempted to amend the complaint filed in the Burlington County case to include the allegation that the various entities' conduct arising from the same transaction and occurrences at issue in the District Court action amounted to a RICO violation, but that the court in that case denied the Tilburys' motion for leave to amend because it was, inter alia, untimely filed. Accordingly, the court concluded that the claims against Aames, Cenlar and First American Title Insurance Company ("FATICO"), and their employees and attorneys were barred by New Jersey's entire controversy doctrine and by res judicata principles.[1]

Defendants Sattin and Finberg were dismissed pursuant to Fed. R. Civ. P. 4(m) given the Tilburys' failure to properly effect service of their complaint upon these defendants, and the claims arising from the proceedings before Judge Wellerson were

---

[1] The following defendants were included in this grouping: 1) Aames and A. Jay Meyerson, Aames' CEO; 2) FATICO and FATICO defendants Kermott, Newman-Brown, Conway, McNally; and 3) Cenlar and Cenlar defendants Seffer, Young, Glosso Hagen, Lutz, Irwin, Kane, Shellenberger and Leonardis.

dismissed as baseless. The District Court continued its analysis by stating that the Tilburys' "allegations against the various lawyers, employees of Cenlar, Aames and FATICO, and the courts are based upon their misguided view that anyone who does not see things their way or is dealing in an adverse fashion to them must be acting in a conspiratorial and illegal manner." Id. After determining that the complaint was "without any legal basis," the District Court dismissed it in its entirety.

The court next turned its attention to defendants' motions seeking to enjoin the Tilburys from filing future complaints in the District Court for the District of New Jersey without first obtaining leave of the court. Having concluded that the Tilburys engaged in the repeated filing of oppressive and frivolous litigation, the court exercised its inherent authority under the All Writs Act, 28 U.S.C. § 1651(a), and issued an injunction against the Tilburys. With the exception of the instant appeal, the court enjoined David and Ann Tilbury from filing any complaint or papers, when proceeding pro se, "against any of the named defendants or any employee, agent, or attorney thereof," without prior leave of the court. The Tilburys timely appealed.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We review the grant of a motion to dismiss de novo, see Alston v. Parker, 363 F.3d 229, 232-33 (3d Cir. 2004), and review the District Court's injunction order for an abuse of discretion. Matter of Packer Ave. Associates, 884 F.2d 745, 746 (3d Cir. 1989). We will affirm a dismissal for failure to state a claim if we can "say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" McDowell v. Delaware State Police, 88

4

F.3d 188, 189 (3d Cir. 1996) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  The Tilburys raise a myriad of issues on appeal.  However, because we have determined that those issues are without any legal and/or factual merit, we dispose of them with little or no discussion.

Initially, we address the Tilburys' argument that the District Court's order of dismissal must be reversed because the court improperly converted defendants' motions to dismiss to motions for summary judgment by examining evidence outside the complaint.  When reviewing a complaint under Fed. R. Civ. P. 12(b)(6), a court may examine the facts as alleged in the pleadings as well as "matters of public record, orders, exhibits attached to the complaint, and items appearing in the record of the case."  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994) (citations omitted).  Additionally, "[a]lthough a District Court may not consider matters extraneous to the pleadings, 'a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.'"  U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002), quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997) (internal quotations omitted).  It does not appear that the District Court examined any evidence not properly before the court on a motion to dismiss.  Moreover, even if such a conversion had occurred in the instant case, such error would arguably have been harmless as the Tilburys' responses indicate that they believed the defendants' motions provided notice of the possibility of summary disposition and they certainly took the opportunity to respond accordingly prior to the District Court's entry of judgment. See, e.g., Schering Corp. v. Food and Drug Admin., 51 F.3d 390, 400 (3d Cir. 1995);

<u>Hancock Industries v. Shaeffer</u>, 811 F.2d 225, 228 (3d Cir.1987). We need not decide this issue definitively, however, as the District Court explicitly concluded that it was not converting defendants' motions into ones for summary judgment, and we can find no fault with that conclusion.

With respect to the District Court's decision to grant defendants' motions to dismiss, we will affirm the entry of judgment for essentially the same reasons set forth by the District Court and do so with little discussion given the amount of judicial resources already expended in reviewing the Tilburys' claims. Briefly, the Entire Controversy Doctrine – which "stems directly from the principles underlying the doctrine of <u>res judicata</u>," <u>Prevratil v. Mohr</u>, 678 A.2d 243, 246 (N.J. 1996), and is codified in New Jersey Civil Practice Rule 4:30A – seeks to assure that all aspects of a legal dispute occur in a single lawsuit. <u>Olds v. Donnelly</u>, 696 A.2d 633, 637 (N.J. 1997). Although the doctrine no longer requires joinder of all parties in one lawsuit, parties must present all claims arising out of a controversy. <u>See</u> <u>Mitchell v. Procini</u>, 752 A.2d 349, 352 (N.J. Super. App. Div. 2000)(discussing evolution of the doctrine). To determine whether the doctrine bars a second action, a court considers whether the claims raised arise from related facts or the same transaction, whether application of the doctrine is fair and whether its application would promote judicial economy. <u>DiTrolio v. Antiles</u>, 662 A.2d 494, 502-07 (N.J. 1995). The District Court's opinion adequately discusses the application of these principles to the Aames, Cenlar and FATICO defendants, and we need not repeat that analysis here. <u>See</u> District Court's Amended Opinion at 18-21. We would simply note our agreement with the District Court's determination that the claims raised in the underlying complaint were either previously addressed in the state court proceedings, or

6

necessarily arise from the same facts and transactions as the claims raised in the state court action and, therefore, should have been joined in the state court complaint.

To the extent that any of appellants' claims can arguably be said to have survived application of these preclusion principles with respect to any particular party, we agree with the District Court's general conclusion that the "entire complaint is without any legal basis or justification and borders on paranoia." Id. at 22. We likewise agree with the various appellees' contentions that dismissal was ultimately warranted because the Tilburys' complaint fails to state a claim for which relief can be granted, and that affirmance of the District Court's order of dismissal is therefore warranted. See Hi Tech Trans, LLC v. New Jersey, 382 F.3d 295, 297 (3d Cir. 2004), citing Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (court of appeals may affirm for any reason supported by the record). Appellants failed to assert any facts, other than mere conclusory allegations, that could potentially support their RICO, conspiracy and/or fraud allegations. See Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985); Lum v. Bank of America, 361 F.3d 217, 223-24 (3d Cir. 2004). Their TILA and RESPA claims are clearly time barred, see 15 U.S.C. § 1640(e) and 12 U.S.C. § 2614, and their attempt to create a new cause of action under RESPA simply by corresponding with certain appellees and then challenging the resultant responses which were based directly on the underlying state court litigation is disingenuous at best. We have carefully considered appellants' other allegations of error and find them to be meritless.

Finally, we are asked to review whether the District Court abused its discretion in granting the defendants' motions to bar the Tilburys from further filings without leave of the court. In particular, the court enjoined the Tilburys, unless they are

7

represented by a licensed attorney admitted to practice in the United States District Court for the District of New Jersey, from filing against "the defendants named in the underlying action, or any employee, agent, or attorney thereof" (a) any action within that court, (b) any action or proceeding in any federal court, and (c) any further papers in any pending or terminated case in that court without first obtaining leave of the District Court. See Order entered December 13, 2005 at 2.

An injunction is an extreme remedy, but we will affirm the grant of an injunction if the enjoined litigant was given notice and opportunity to be heard, and the injunction is narrowly tailored to fit the particular circumstances of the case. See Brow v. Farrelly, 994 F.2d 1037, 1038-39 (3d Cir. 1993); Matter of Packer Ave. Assocs., 884 F.2d 745, 747 (3d Cir. 1989). The Tilburys certainly had notice of the fact that the District Court was considering the issuance of an injunction as well as the opportunity to respond. Further, we agree with the District Court that this litigation must come to an end. The Tilburys have burdened nearly every person even remotely connected to their underlying suit, including several courts and numerous judges. We read the District Court's order to bar only the filing of pro se actions relating to this matter without first obtaining leave of the court. All other actions simply require due notice to the court. The order further provides sufficient safeguards to ensure that the Tilburys' access to the courts is not permanently and unnecessarily restricted. We embrace those safeguards, but we modify the injunction to require representation by a licensed attorney. We will not require that the attorney also be licensed to practice in the United States District Court for the District of New Jersey. Accordingly, we hold that the District Court did not abuse its discretion.

For all of the foregoing reasons, we will affirm the judgment of the District Court.

Appellees' motion to file a supplemental appendix is granted as all of the documents contained therein were filed as part of the record in the District Court. Appellants' motion to strike appellees' briefs and supplemental appendix is denied, as is their "motion for order to have the Burlington County Superior Court, September 21, 2004 summary judgment motion court hearing recording tested by a certified forensic electronics analyst for tampering." We will also deny appellants' motion seeking the appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).