**In the Matter of PACKER AVENUE ASSOCIATES (A Pennsylvania Limited Partnership).**

**Appeal of Armand CERITANO.**

**No. 88–1720.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) Aug. 8, 1989.

Decided Sept. 8, 1989.

Armand Ceritano, Philadelphia, Pa., pro se

Barry E. Bressler, Pelino & Lentz, P.C., Philadelphia, Pa., for appellee, Westinghouse Credit Corp.

Before BECKER, GREENBERG and VAN DUSEN, Circuit Judges.

OPINION OF THE COURT

VAN DUSEN, Senior Circuit Judge.

This case requires us to consider whether the district court abused its discretion by issuing, pursuant to 28 U.S.C. § 1651(a), an order enjoining appellant from filing any further petitions, pleadings or documents whatsoever. The order does not clearly state whether it enjoins appellant from filing any further documents solely in matters related to this case, in matters in federal court, or, for that matter, in any matter in any court anywhere. Accordingly, while not unmindful of the tremendous frustration appellant's frivolous litigation activities must have caused the district court, we conclude that the injunction is overbroad and will modify it as described herein.

## I.

Appellant, Armand Ceritano, was an officer of the corporate general partner of Packer Avenue Associates, a Pennsylvania limited partnership which owned a Hilton Inn near the Philadelphia airport and filed a voluntary petition in bankruptcy on July 25, 1977. Packer Avenue Associates was discharged and the bankruptcy case closed on November 18, 1982. Subsequently, appellant filed a number of frivolous pro se petitions attempting to collaterally attack issues decided in the bankruptcy case. As a result, on May 31, 1984, the district court ordered the clerk of the court to decline to accept any further petitions for filing from appellant without the authorization of the court. Appellant then repeatedly sought the authorization of the court to file various petitions. It appears that in each case authorization was denied. On September 14, 1988, the district court, noting that appellant had filed or attempted to file twenty-seven petitions relitigating issues that had already been decided by the court, and finding appellant's litigation activities to be an "unwarranted expenditure of administrative and judicial time and resources," *sua sponte* enjoined appellant from "filing any further petitions, pleadings or any doc-

ument whatsoever" except for a notice of appeal in the present case.

This appeal followed.

## II.

The All Writs Act, 28 U.S.C. § 1651, gives district courts power, *inter alia*, to issue injunctions restricting the filing of meritless pleadings by litigants where the pleadings raise issues identical or similar to those that have already been adjudicated. *In re Oliver*, 682 F.2d 443, 445 (3d Cir.1982). However, such injunctions are extreme remedies and should be narrowly tailored and sparingly used. *Id.* The courts of appeals review their issuance for abuse of the district court's discretion. *See Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1034 (9th Cir.1985), *cert. denied*, 476 U.S. 1183, 106 S.Ct. 2919, 91 L.Ed.2d 547 (1986).

This circuit has concluded that district courts may issue an injunction requiring a litigant who has repeatedly filed complaints alleging claims that have already been fully litigated to receive court approval before filing further complaints. *Chipps v. United States Dist. Court for the Middle Dist. of Pa.*, 882 F.2d 72 (3d Cir.1989); *In re Oliver*, 682 F.2d 443 (3d Cir.1982). Other circuits have reached the same conclusion. *See Filipas v. Lemons*, 835 F.2d 1145 (6th Cir.1987); *In re Martin-Trigona*, 763 F.2d 140 (2d Cir.1985), *cert. denied*, 474 U.S. 1061, 106 S.Ct. 807, 88 L.Ed.2d 782 (1986); *Pavilonis v. King*, 626 F.2d 1075 (1st Cir.1980). Thus, we note initially that the district court's May 31, 1984, order requiring appellant to receive its permission before filing additional pleadings was not an abuse of discretion.

The September 14, 1988, order now appealed from, however, is much more broad and appears not to be narrowly tailored at all. It provides:

## ORDER

AND NOW, this 14th day of September, 1988, for the reasons stated in the Court's accompanying memorandum, the Court, *sua sponte*, pursuant to 28 U.S.C.

§ 1651(a) hereby enjoins petitioner Armand Ceritano from filing any further petitions, pleadings or any document whatsoever except for a Notice of Appeal in the above-captioned matter.

Reading the plain language of the order, it would appear to prohibit appellant from ever again filing another petition, pleading or document in federal court.[1] All of the courts that have considered whether an injunction restricting a litigant's future litigation may be issued have emphasized that such an injunction should be narrowly tailored and rarely issued. *See In re Oliver, supra,* at 445; *In re Martin–Trigona, supra,* at 141–42; *Pavilonis, supra,* at 1079; *In re Tyler,* 839 F.2d 1290, 1294 (8th Cir. 1988); *Safir v. United States Lines, Inc.,* 792 F.2d 19, 24–25 (2d Cir.1986), *cert. denied,* 479 U.S. 1099, 107 S.Ct. 1323, 94 L.Ed.2d 175 (1987); *Procub v. Strickland,* 760 F.2d 1107, 1110–14 (11th Cir.1985); *Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1524–26 (9th Cir.1983); *In re Green,* 669 F.2d 779, 786–88 (D.C.Cir.1981) (per curiam). There simply is no support in the law for permitting an injunction prohibiting a litigant from ever again filing a document in federal court. Accordingly, the decision of the district court *sua sponte* issuing the injunction cannot be allowed to stand.

However, the record does indicate that appellant has repeatedly filed frivolous motions and petitions with respect to Bankruptcy Case No. 77–1201 and, as a result, has been an undue burden on the district court's time. Therefore, we can certainly understand the district court's frustration with appellant. In *In re Green,* 669 F.2d 779 (D.C.Cir.1981) (per curiam), the District of Columbia Circuit reviewed a district court order that provided that a prolific pro se litigant would only be permitted to file claims upon payment of all filing fees and a $100.00 cash deposit as security for costs. It concluded that the district court's order violated the litigant's constitutional right of access to the courts, and directed the district court to vacate its original order and issue an order reading:

Petitioner may not file any civil action without leave of court. In seeking leave of court, petitioner must certify that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court. Upon a failure to certify or upon a false certification, petitioner may be found in contempt of court and punished accordingly.

*Id.* at 787.

██ We find this to be a novel approach to the problems occasioned by pro se litigants who persist in filing great numbers of frivolous lawsuits. It has the benefit of not precluding access to the courts by the litigant while at the same time subjecting him or her to substantial penalties for contempt if he or she persists in filing frivolous claims attacking judgments on issues that have long ago been fully litigated and decided. This, we believe, strikes a good balance between the right of the litigant to access to the courts, the right of parties to previous litigation to enjoy the repose of *res judicata,* and the right of taxpayers not to have a frivolous litigant become an unwarranted drain on their resources. In line with this approach, we will modify the district court's order to read as follows:[2]

---

**1.** We note that it seems quite possible that the district court did not intend to enjoin appellant from ever filing another document in federal court, but, rather, to enjoin him from ever filing another document in federal court dealing with Bankruptcy Case No. 77–1201, 1988 WL 96779. While this circuit has not passed on the issue, the First and Second Circuits have allowed similar injunctions. *See Castro v. United States,* 775 F.2d 399, 408–10 (1st Cir.1985); *Lacks v. Fahmi,* 623 F.2d 254, 256–57 (2d Cir.1980); *but see Safir v. United States Lines, Inc.,* 792 F.2d 19, 25 (2d Cir.1986) (concluding that such an injunction was overbroad and modifying it to only pre-

clude the appellant from filing another document dealing with the issue in question without obtaining leave of the district court), *cert. denied,* 479 U.S. 1099, 107 S.Ct. 1323, 94 L.Ed.2d 175 (1987). In all events, we need not consider whether the issuance of such an injunction would be an abuse of discretion because that is not what the injunction before the court says on its face, and in the exercise of our discretion we choose to modify it in a different way.

**2.** Authority to modify the district court's order is found in 28 U.S.C. § 2106. *See also Safir v. United States Lines, Inc.,* 792 F.2d 19, 25 (2d

Appellant may not file any action dealing with issues resolved in Bankruptcy Case No. 77–1201 without leave of the district court. In seeking leave of court, appellant must certify that the claims he wishes to present are new claims, never before raised and disposed of on the merits by any federal court. Upon a failure to certify or upon a false certification, appellant may be found in contempt of court and punished accordingly.

Modifying the district court's order as we have done will, we hope, preclude Mr. Ceritano from filing any more frivolous papers pertaining to Bankruptcy Case. No. 77–1201, or at least subject him to a substantial penalty if he persists in doing so, while not depriving him of his right of access to the courts.

█ The remaining question to be dealt with is appellee's request that the panel issue an injunction prohibiting appellant from filing any further appeals in the *Packer* bankruptcy case. In our view, this motion need not be granted because, with the district court order modified as we have directed, it appears unlikely that appellant will be able to file many more frivolous actions in the district court, and hence he should not generate many more frivolous appeals. In the event he is able to file a meritorious action, we believe that he should continue to have the right to appellate review. Accordingly, in the exercise of our discretion, we will deny appellee's request.

### III.

For all of the foregoing reasons, the order of the district court, *sua sponte* issuing an injunction precluding appellant from ever filing another paper in federal court, will be modified as we have directed, and the appellee's request that the panel enjoin appellant from filing any more appeals in

Cir.1986), *cert. denied,* 479 U.S. 1099, 107 S.Ct. 1323, 94 L.Ed.2d 175 (1987); *Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1523 & n. 7 (9th Cir.1983) (modifying similar district court orders). Accordingly, we

the *Packer Avenue Associates* bankruptcy case will be denied.

modify the district court's order ourselves and do not, as the District of Columbia Circuit did in *In re Green,* return to the district court with directions to modify its order.