Rajeshwar Singh YADAV; Roopa
Yadav, Appellants,

v.

Samuel J. SURTEES, Director, Depart-
ment of Engineering and Community
Development for West Windsor Town-
ship, in his Individual and Official
Capacities; West Windsor Township;
G. Muller, Attorney for the Planning
Board West Windsor Township, in his
Individual and Official Capacities; E.
Schmierer, Attorney for the Zoning
Board of Adjustment, West Windsor
Township in his Individual and Offi-
cial Capacities; M. Herbert, Attorney
for West Windsor Township, in his
Individual and Official Capacities;
Carol A. Carson, Mayor, West Wind-
sor Township in her Individual and
Official Capacities; Rae Roeder, Pres-
ident West Windsor Township Coun-
cil, in her Individual and Official Ca-
pacities; Kristin S. Appelget, Vice
President West Windsor Council, in
her Individual and Official Capacities;
Jacqueline Alberts, Member West
Windsor Township Council, in her In-
dividual and Official Capacities;
Shing–Fu Hsueh, Member West Wind-
sor Township Council, in his Individu-
al and Official Capacities; Charles C.
Morgan, Member West Windsor
Township Council, in his Individual
and Official Capacities.

No. 02–3416.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) Dec. 23, 2003.

Decided Jan. 27, 2004.

Rajeshwar Singh Yadav, pro se, Roopa Yadav, pro se, West Windsor, NJ, for Appellants.

Michael W. Herbert, Herbert, Van Ness, Cayci & Goodell, Princeton, NJ, for Appellees.

Before BARRY, AMBRO and SMITH, Circuit Judges.

## OPINION

PER CURIAM.

Plaintiff–Appellants Rajeshwar Singh Yadav and Roopa Yadav ("the Yadavs") appeal an order of the United States District Court for the District of New Jersey granting summary judgment to Defendant–Appellees on Appellants' claims that Appellees have discriminated against Appellants on the basis of national origin and have violated their Fourth, Thirteenth and Fourteenth Amendment rights under the United States Constitution during a twenty-year land use dispute. For the reasons discussed below, we will affirm the District Court's grant of summary judgment, its denial of a default judgment, and will issue an order to show cause as to its injunction prohibiting the Yadavs from further filings on this matter without leave of court.

The instant action is preceded by a history of repetitive litigation by the Yadavs.[1] The Yadavs own real property located at 376 North Post Road in West Windsor Township, New Jersey. In 1981, the Yadavs applied for subdivision of their property, but then abandoned the application. At the same time they filed for a zoning variance to subdivide their property into seven lots, which the township zoning board denied. The Yadavs filed a Complaint in the Mercer County Superior Court, the result of which was a December 1983 consent decree permitting the Yadavs to subdivide their property into seven lots. The approval of this variance was contingent upon the Yadavs' compliance with other township ordinances. The Yadavs resubmitted their application in 1984; and

---

1. In addition to litigation in New Jersey state court, the Yadavs have also filed several cases in federal court. See Civ. No. 96–cv–05529; Civ. No. 97–cv–01097; C.A. No. 99–5735; Civ. No. 00–cv–05800; C.A. No. 01–3312. All of the dismissals were based on a time-bar, lack of merit or frivolousness. This Court concurred with the dismissals on appeal.

in 1985, the township granted the Yadavs' application subject to applicable municipal land use law. The Yadavs challenged the restrictions imposed on their subdivision in the Superior Court, which found for the township. The Yadavs appealed, and the Appellate Division affirmed with respect to all but one condition and ordered the Yadavs to reapply. The Yadavs applied again in 1989, but the township required revisions.

The Yadavs submitted another application in 1994. Prior to the submission, however, the township zoning ordinances were amended such that there was a one-acre minimum size requirement for lots in the area where the Yadavs' property is located. The township informed the Yadavs of the variance and told them that they would have to apply for a zoning variance for the subdivision, which would have resulted in lots that were less than one acre in area. It appears that the Yadavs never filed for the variance.

In 1997, the Yadavs filed a Complaint in the United States District Court for the District of New Jersey. *See* Civ. No. 97–cv–01097.[2] In that Complaint, the Yadavs claimed that the township violated their Fourth, Thirteenth and Fourteenth Amendment rights. The defendant in that case was West Windsor Township. The District Court granted summary judgment for the defendant in that case on the basis that the Yadavs' claim pursuant to 42 U.S.C. § 1983 was time-barred and that

their other claims were meritless, and this Court affirmed. *See* C.A. No. 99–5735.[3]

On September 9, 1999, the Yadavs submitted another application for a subdivision of their property, but when informed that they would need a density variance, they did not pursue the subdivision. They then submitted another application in 2000, in which they sought to build an addition on their home and a cul-de-sac driveway. The township informed the Yadavs that their addition plans were acceptable, but that the proposed driveway was not because it was clearly intended as a precursor to a public street to serve other sublots.[4] The township also told the Yadavs that they would have to obtain a permit. The Yadavs did not seek the permit. They did, however, file two lawsuits, again claiming a violation of their constitutional rights because of the denial of the subdivision and "driveway" plans. (Civ. Nos. 00–cv–05482 and 00–cv–05800). The defendants in these two cases are West Windsor Township and various officials employed by the township, as well as the township's counsel. The District Court granted summary judgment to the defendants in Civ. No. 00–cv–05800 on the basis that the claims were frivolous and that the Yadavs had made no showing of any discrimination. It further warned the Yadavs that continued frivolous lawsuits might result in sanctions. This Court affirmed. *See* C.A. No. 01–3312.

In Civ. No. 00–cv–05428, Defendant–Appellees moved to dismiss or, in the alternative, for summary judgment. The Yadavs

---

**2.** It appears that the Yadavs also filed another Complaint at Civ. No. 96–cv–05529 in which they sought redress because allegedly the township deliberately took a two to four foot strip of the Yadavs' property when it repaved an adjacent road. This Complaint was consolidated for purposes of appeal with Civ. No. 97–cv–01097.

**3.** The District Court granted summary judgment on August 6, 1999. This Court affirmed on August 8, 2001.

**4.** The "driveway" was nearly identical to the street proposed in the subdivision application and met the minimum township requirements for street width.

moved for a default judgment.[5] The District Court granted summary judgment to the Defendants and denied the Yadavs' motion for a default judgment, the appeal of which is now before us. The District Court concluded that the Yadavs were asserting the same claims of discrimination arising from their ongoing land use dispute and granted summary judgment on the basis that the Yadavs' claims of discrimination are barred by principles of res judicata. The District Court also barred the Yadavs from filing anything else regarding subdivision of their property or the construction of a driveway. The Yadavs moved for reargument or reconsideration, but the District Court denied their motion. The Yadavs timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is de novo. *See Guardian Life Ins. Co. of America v. Goduti–Moore*, 229 F.3d 212, 213 (3d Cir.2000).

■ We agree with the District Court's conclusion that the instant claims are barred by claim preclusion. Claim preclusion prevents a party from relitigating claims that were raised or that could have been raised in a prior lawsuit. *See Gregory v. Chehi*, 843 F.2d 111, 115–16 (3d Cir. 1988). For claim preclusion to have effect, three conditions must exist: (1) there must have been a final judgment on the merits in a prior suit; (2) the prior suit must have involved the same parties or their privies; and (3) the present suit must be based on the same cause of action. *See Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 171 (3d Cir.1993). The Yadavs have already received multiple final judgments on their

claims of violation of their constitutional rights. *See* Civ. No. 96–cv–05529; Civ. No. 97–cv–01097; C.A. No. 99–5735; Civ. No. 00–cv–05800; C.A. No. 01–3312. In all of these judgments, the District Court and this Court have concurred in the conclusion that the Yadavs' claims are meritless and frivolous. These previous lawsuits have involved the same parties. In Civ. Nos. 96–cv–05529 and 97–cv–01097, the Yadavs filed suit against West Windsor Township, which is also a defendant in Civ. No 00–cv–05800 and the case sub judice, Civ. No. 00–cv–05428. The remaining individual defendants in this case are identical to those in Civ. No. 00–cv–05800. Finally, although the Yadavs insist otherwise in their Reply Brief, they assert essentially the same cause of action-that their constitutional rights were violated as a result of their ongoing property dispute-as they have repeatedly asserted in previous lawsuits. The District Court, therefore, was correct in its determination that the Yadavs' present case is barred by claim preclusion, and summary judgment was, therefore, appropriate.

■ We review the District Court's finding that Appellees were not in default for abuse of discretion. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1303–04 (3d Cir.1995). The validity of a default judgment is, however, contingent upon whether service was proper. *See id.* We exercise plenary review over a decision of whether service complied with Federal Rule of Civil Procedure 4. *Id.* The Yadavs contend that they served the Complaint upon a secretary at the Planning and Zoning Board who claimed that she was authorized to accept legal mail. Appellees

---

5. It appears that the Yadavs requested a default judgment because they claim that Appellees did not timely answer their Complaint. Appellees contend that the Yadavs did not properly effect service, and if they did, there

was no bad faith or dilatory motive on the part of Appellees. The District Court declined to decide whether default was appropriate because it first determined that the Yadavs' claims are barred by preclusion doctrines.

claim that all service was to be made upon counsel, and that they were under the impression that counsel was handling all aspects of the Yadavs' litigation. Because the Yadavs delivered the Complaint to a secretary of a presiding officer in the Zoning and Planning Board office for the township, it appears that service was proper pursuant to Rule 4 and New Jersey Superior Court Rule 4:4–4(a)(8).

We consider three factors to decide whether a default judgment should be granted: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). There is no apparent prejudice to the Yadavs, especially in light of the fact that their claims are already years old and are meritless, and they do not claim any valid basis for prejudice. Appellees have a litigable defense-preclusion-which they have asserted. Finally, there is no evidence of bad faith or dilatory motive.[6] The District Court, therefore, did not abuse its discretion in denying the Yadavs' request for a default judgment.

We review the District Court's decision to enjoin the Yadavs from further litigation of this matter for abuse of discretion. *See Matter of Packer Ave. Assocs.*, 884 F.2d 745, 747 (3d Cir.1989). The All Writs Act, 28 U.S.C. § 1651, permits district courts to enjoin vexatious litigants from filing meritless pleadings that duplicate ones already adjudicated. *See id.* A district court's power to enjoin is tempered by a litigant's rights to due process and access to the courts. To preserve these rights, a court must refrain from enjoining absent exigent circumstances, and the court must provide sufficient notice and opportunity to be heard, typically in the form of an order to show cause why the injunction should not issue. *See Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). The Yadavs present exigent circumstances, as they have abused the judicial process by repeatedly asserting the same meritless claims.

Although the Yadavs were warned in Civ. No. 00–cv–05800 that they might be subject to sanctions if they persisted, there is no indication in the record that the Yadavs were specifically warned of an injunction. Because the Yadavs were entitled to notice and an opportunity to be heard as to the injunctive portion of the District Court's order, that injunction does not comport with due process requirements. Accordingly, we will affirm the District Court's order insofar as it grants summary judgment to the Defendants and denies the Yadavs' request for a default. We will order the parties to show cause why the portion of the District Court's order enjoining the Yadavs from further filing with respect to subdivision of their property or construction of a cul-de-sac driveway should not be affirmed.

Accordingly, within fourteen (14) days of the entry of this opinion and order, the parties may submit memoranda and affidavits regarding the injunctive portion of the District Court's order.

An appropriate order to show cause will be entered herewith.

---

6. Additionally, there is some suggestion from Appellees that there had been a pattern of service directly on counsel established, which would have made Appellees' unawareness excusable.