

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2006

# Hollis-Arrington v. PHH Mtg Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5061

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hollis-Arrington v. PHH Mtg Corp" (2006). *2006 Decisions.* Paper 270.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/270

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5061
_____

BEVERLY ANN HOLLIS-ARRINGTON; CRYSTAL MONIQUE LIGHTFOOT,

Appellants

v.

PHH MORTGAGE CORPORATION; CENDANT CORPORATION; FANNIE MAE;
FRANKLIN D. RAINES; JUDGE CONSUELO B. MARSHALL, In her individual
capacity;JUDGE STEPHEN V. WILSON, in his individual capacity; JUDGE PAMELA
RYMER, in her individual capacity; JUDGE ANDREW KLEINFELD, in his individual
capacity; SUZANN MARIE HANKINS; ROBERT O. MATTHEWS; CONNY B.
MCCORMACK, in her official capacity; EDUARDO FELDMAN; HAROLD
TENNEN; FIDELITY NATIONAL TITLE INSURANCE COMPANY; DOES 1-20;
HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA; USAA CASUALTY
INSURANCE COMPANY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-02556)
District Judge:  Honorable Freda L. Wolfson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 26, 2006

Before:  SLOVITER, SMITH, and VAN ANTWERPEN*, <u>CIRCUIT JUDGES</u>

(Filed October 31, 2006  )

_____

*The Honorable Franklin S. Van Antwerpen assumed senior status on October 23, 2006.

_____

OPINION

_____

PER CURIAM

Beverly Hollis-Arrington appeals pro se from the order of the United States District Court for the District of New Jersey dismissing with prejudice her complaint raising civil RICO and state law claims.[1]

This case arises out of Hollis-Arrington's attempts to prevent foreclosure proceedings on her home in California and, failing that, to blame an ever-widening circle of defendants for her continued misfortune. The District Court opinion contains a thorough history of related litigation and bankruptcy actions brought by Hollis-Arrington in state courts in California and federal courts in California and Washington D.C. We see no need to repeat it here. When Hollis-Arrington was denied relief in California and was cautioned not to file further pleadings in the case in the United States District Court in California, she took her litigation across the continent to the United States District Court in Washington D.C., where her lawsuit met the same fate. When the Washington D.C. District Court enjoined Hollis-Arrington from filing further pleadings in its case, Hollis-

---

[1] Appellant Crystal Lightfoot did not submit an informal brief. Her appeal is dismissed for want of timely prosecution pursuant to 3rd Cir. L.A.R. 107.2(b).

2

Arrington filed a civil complaint in the District of New Jersey, including the same RICO claims she had raised in prior lawsuits and adding new defendants and new RICO claims.

The First Amended Complaint alleges that the defendants formed a de facto enterprise for the purpose of gaining increased leverage in the secondary mortgage market and defrauded her by engaging in predatory financing, filing false bankruptcy claims, and retaliating against her for filing suit against members of the enterprise, in violation of 18 U.S.C. § 1962(c) and (d) ("RICO").[2]  She alleges that the judicial defendants and the Los Angeles County Clerk were involved in a conspiracy to receive bribes from the enterprise and to prevent her from having access to the courts.  In addition to the RICO claims, Hollis-Arrington raises state common law fraud and deceit claims.  She seeks damages and injunctive relief.

In July 2005, the defendants filed dismissal motions pursuant to Federal Rule of Civil Procedure 12(b).  Cendant and other defendants moved for sanctions against Hollis-Arrington for vexatious litigation.  Thereafter, Hollis-Arrington moved to file a second amended complaint, alleging a different objective of the enterprise with respect to the RICO claims and adding civil rights claims pursuant to 42 U.S.C. §§ 1983 and 1985

---

[2]  According to Hollis-Arrington, the enterprise initially consisted of PHH Mortgage Company, Cendant Mortgage Corporation, Fannie Mae Foundation, Fannie Mae Corporation, and First American Title Company of Los Angeles.  She added Fidelity National Title Insurance Company and Matthews to the third lawsuit, which was filed in California state court.  The judicial defendants and the Los Angeles County Clerk were added in the fourth lawsuit that she filed in the Washington D.C. District Court.

against all defendants "except the judicial defendants."[3]  She also filed a motion for preliminary injunction, claiming that the defendants engaged in threatening and harassing acts against her and her family.

The District Court denied Hollis-Arrington's motion for leave to file a second amended complaint as futile and denied preliminary injunctive relief.  The District Court granted dismissal as to all defendants on multiple grounds.[4]  The District Court determined that Hollis-Arrington's previous federal lawsuits were final decisions on their merits.  The first two lawsuits, raising RICO, due process, federal lending statute, and state law claims, including breach of contract and fraud, were dismissed for failure to state a claim.  Her subsequent lawsuits, one of which was removed from Los Angeles County to the Central District in California, and the other, filed in the United States District Court in Washington D.C., were dismissed as barred by res judicata.  All of the prior lawsuits, against the same defendants, raised claims arising out of the foreclosure of Hollis-Arrington's home.  Having found that the criteria for application of the res judicata

---

[3]  The proposed second amended complaint reiterated that the defendants engaged in predatory financing but changed the purpose of the enterprise.  Hollis-Arrington's new § 1983 and 1985 claims alleged that the non-judicial defendants conspired to violate her civil rights by reporting her to the California State Department of Insurance for filing a false accident report involving her car; illegally obtaining the assistance of the Insurance Commissioner in the scheme to investigate her for fraud; denying her access to the courts; presenting false claims to Bankruptcy Court; and filing false documents with the help of the Los Angeles County Recorder.

[4]  Noting that the First Amended Complaint was voluminous and rambling, the District Court also determined that Hollis-Arrington failed to comply with Federal Rule of Civil Procedure 8.

4

doctrine were present, the District Court ruled that res judicata barred all claims against defendants Cendant, PHH, Fidelity National Title Insurance Company, Fannie Mae, McCormack, Matthews, USAA Casualty Insurance Company (USAA), and HSBC Auto Financing, Inc. (HSBC).[5]

Next, finding that there was nothing in the record that indicated any minimum contacts or engagement in systematic activities in New Jersey sufficient to confer personal jurisdiction, and noting that the alleged action itself did not arise out of activities in New Jersey and that Hollis-Arrington alleged no injury in New Jersey as a result of the defendants' actions, the District Court held that it lacked personal jurisdiction over defendants Hankins, Tennen, and Matthews. See Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 144 (3d Cir. 1992).

As for the judicial defendants, the District Court determined that all of the allegations contained in the First Amended Complaint involved acts performed by the judges within the scope of their judicial duties, specifically, making rulings unfavorable to Hollis-Arrington. Thus, the judicial defendants enjoy absolute immunity from Hollis-Arrington's suit for damages against them. See Pierson v. Ray, 386 U.S. 547 (1967).

---

[5] The defendant, formerly known as "Household Automotive Finance Corporation," was mis-identified in the First Amended Complaint and caption as "Household Finance Corporation of California." We will refer to the defendant by its current name.

As to all of the defendants, the District Court ruled that Hollis-Arrington failed to state a claim under RICO, §§ 1962(c) and (d), determining that none of the allegations established the existence of a RICO enterprise separate and apart from the pattern of activity in which it allegedly engaged.[6] The District Court noted that the allegations merely listed the functions of the individual corporate entities during their normal course of business and that the First Amended Complaint was devoid of any allegations pertaining to the functions of the enterprise as a whole. Because Hollis-Arrington failed to make out a substantive claim under § 1962(c), the District Court held that her RICO conspiracy claim failed as well. The District Court also ruled that Hollis-Arrington's conclusory allegations claiming fraud and deceit under New Jersey law were insufficient to meet the particularity requirement under Fed. R. Civ. P. 9(b).

The District Court denied in part Cendant's motion for sanctions. Noting the uncertainty in the law of this Circuit with regard to the applicability of 28 U.S.C. § 1927 to pro se litigants, the District Court declined to declare Hollis-Arrington a vexatious litigator under that provision. Exercising its inherent authority "to protect the courts from oppressive and frivolous litigation," the District Court enjoined both plaintiffs from filing any pro se action "in any court, state or federal, against the Defendants named in this action," . . . any new [pro se] action or proceeding in any federal court, . . .[and] filing any

---

[6] In dismissing the claims against all defendants pursuant to Rule 12(b)(6), the District Court included all claims against bona fide purchaser, Eduardo Feldman.

6

further papers pro se in any case, either pending or terminated, in the District of New Jersey," without first obtaining leave of the court. Hollis-Arrington timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is plenary. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). We accept as true all factual allegations in the complaint and will affirm a dismissal under Rule 12(b)(6) only if it is certain that no relief can be granted under any set of facts which could be proved. Steamfitters Local Union No. 420 Welfare Fund v. Phillip Morris Inc., et al., 171 F.3d 912, 919 (3d Cir. 1999). We review the District Court's decision with respect to Hollis-Arrington's Rule 15 motion to amend and the pre-filing injunction for abuse of discretion. See Lake v. Arnold, 232 F.3d 360, 376 (3d Cir. 2000) (Rule 15 motion); Matter of Packer Ave. Associates, 884 F.2d 745, 746-47 (3d Cir. 1989) (pre-filing injunction).

We agree with the District Court's conclusion and reasoning that judicial immunity bars suit against the judicial defendants, that the District Court lacked personal jurisdiction over defendants Tennen, Hankins and Matthews, and that Hollis-Arrington failed to state common law fraud and deceit claims as to all of the defendants. For the reasons stated by the District Court, res judicata bars suit against Cendant, PHH, Fannie Mae, Fidelity National Title Insurance Company, McCormack, and Matthews. Although the District Court granted USAA and HSBC's motions to dismiss Hollis-Arrington's claims as barred by res judicata, we do not see any indication in the record that either

7

party was sued before by Hollis-Arrington or Lightfoot on claims arising out of the same set of operative facts as the prior lawsuits. Because Hollis-Arrington's claims against HSBC and USAA arise out of facts not previously litigated at all, and because neither HSBC nor USAA were named defendants in the prior lawsuits, res judicata does not preclude Hollis-Arrington's suit against them. See Arab African Int'l Bank v. Epstein, 10 F.3d 169, 171 (3d Cir. 1993). However, the District Court properly dismissed the First Amended Complaint against HSBC and USAA for failure to state a claim pursuant to Rule 12(b)(6).

Hollis-Arrington alleges that the defendants formed a de facto enterprise for the purpose of receiving multi-million dollar bonuses and promotions. They achieved their purpose by engaging in predatory financing with her, by submitting false claims for money demands to her bankruptcy case, and by retaliating against her for filing a lawsuit against them. She asserts that the enterprise engaged in three schemes: a real estate bank fraud scheme, an auto loan scheme, and a scheme involving USAA.

Hollis-Arrington's allegations pertaining to the real estate bank loan scheme comprise the original RICO claims raised in her prior lawsuits. They are well known to the parties and will not be repeated here. The auto loan scheme and allegations relating to USAA are new. Hollis-Arrington asserts that when she sued Cendant, PHH, and Fannie Mae for wrongful mortgage foreclosure, the enterprise "recruited" HSBC to retaliate against Hollis-Arrington for the purpose of intimidation, attempted murder, harassment,

8

money laundering, extortion and bribery. Appdx. at A118, ¶ 136. Allegedly, HSBC fraudulently changed the amount owed on Hollis-Arrington's auto loan and engaged in a stream of "terrorist" attacks against Hollis-Arrington to stop her from suing members of the enterprise and to re-possess her car illegally when she failed to keep up her loan payments. See Appdx. at A92-93, ¶¶ 74, 76-94. She alleges that HSBC filed a false claim with the bankruptcy court and defaulted her auto loan in court without notice to her. She claimed that HSBC corruptly influenced the judicial defendants handling the cases to rule in its favor. Id. at ¶¶ 74, 75, 81. USAA was also recruited for retaliation purposes. According to Hollis-Arrington, USAA investigated her report of a car accident, in which she was a victim, for insurance fraud and reported Hollis-Arrington's alleged insurance fraud to the state of California. Id. at A96-99.

A claim alleging a pattern of racketeering under § 1962(c) requires proof of the following four elements: (1) the existence of an enterprise engaged in or affecting interstate commerce; (2) that the defendant was employed by or associated with the enterprise; (3) that the defendant participated, directly or indirectly, in the conduct or the affairs of the enterprise; and (4) that the defendant participated through a pattern of racketeering activity that must include the allegation of at least two racketeering acts. Annulli v. Panikkar, 200 F.3d 189, 198 (3d Cir. 1999).

We disagree with the District Court's analysis and conclusion with respect to the first element. In holding that Hollis-Arrington failed to properly allege the existence of

9

an "enterprise" because her allegations precluded a finding of the existence of an "enterprise separate and apart from the pattern of activity in which it engages," the District Court mistakenly relied on a footnote in Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 790 n. 5 (3d Cir. 1984). Here, Hollis-Arrington does not attempt to argue, as the plaintiff did in Seville, that she properly pleaded more RICO enterprises than the entities she identified in the First Amended Complaint. Moreover, unlike the plaintiff in Seville, Hollis-Arrington does not suggest on the face of the complaint that each defendant is its own enterprise. As the District Court correctly pointed out, although a plaintiff is required to allege the existence of an "enterprise," she need not plead all three elements required to establish the existence of a RICO "enterprise" in her complaint. Seville, 742 F.2d at 790. Construing the First Amended Complaint liberally, Hollis-Arrington alleged an association-in-fact comprised of the corporate defendants and individuals and alleged the existence of an "enterprise" sufficient to survive Rule 12(b)(6) dismissal. We are also satisfied that Hollis-Arrington has properly alleged the second and third elements of her § 1962(c) claim.

The First Amended Complaint, however, fails to state a claim as to the fourth element because it fails to allege any facts to support the requisite predicate acts of racketeering with respect to HSBC and USAA. Hollis-Arrington merely lists the predicate acts she says the defendants committed. Appdx. at A118-19, ¶ 136(a). Instead of providing facts to support her claims, she promises to enumerate the predicate acts in

10

detail in the RICO Statement at some later date.  Id. at A95, ¶ 91 & A99, ¶ 116.  Notably, even though the defendants put her on notice of the deficiency in their respective dismissal motions, Hollis-Arrington did not attempt to correct this defect in her proposed second amended complaint.

But even assuming that she sufficiently alleged predicate acts by HSBC and USAA, Hollis-Arrington fails to allege a "pattern" of racketeering.  To plead a pattern of racketeering activity, Hollis-Arrington must aver not only that each defendant committed at least two acts of prohibited racketeering activity but also that the predicate acts are related and that they amount to or pose a threat of continued criminal activity.  H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 240 (1989).  "A short term scheme threatening no future criminal activity will not suffice."  Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1412 (3d Cir. 1991).  Where the allegations of the complaint, taken as true, do not support the existence of either long-term criminal conduct or the threat thereof, dismissal is appropriate.  Marshall-Silver Constr. Co. v. Mendel, 894 F.2d 597, 598 (3d Cir. 1990).

Here, the allegations against HSBC cover two distinct time frames, May through July 2000, and July 2003.  In May to July 2000, HSBC allegedly filed a false money claim for the balance due on the auto loan in Hollis-Arrington's bankruptcy action.  In July 2003, it filed suit to default the auto loan.  See Appdx. at A93-95.  Hollis-Arrington asserts that prior to April 2005, HSBC sold the amount owed on her loan to "CACV."  Id.

11

at A95, ¶ 92. Assuming the truth of the allegations against HSBC, as we must, HSBC's actions do not pose a threat of future criminal activity.

Hollis-Arrington's case against USAA is no stronger. In or around August 2004, USAA investigated Hollis-Arrington for a false report of a car accident. USAA also reported the allegedly false accident claim to the California Department of Insurance Fraud on an unknown date in 2005. These allegations also do not pose a threat of continued criminal activity.

Turning to the conspiracy claims, even though the § 1962(d) conspiracy claim is not dependent upon successfully bringing a substantive claim under § 1962(c), Hollis-Arrington's claim still fails because she cannot establish a pattern of racketeering activity due to lack of continuity. See Banks v. Wolk, 918 F.2d 418, 421 (3d Cir. 1990).

Hollis-Arrington argues that her motion to amend the complaint a second time should have been granted because amendments are liberally given in pro se cases and because there is no undue delay, prejudice to the defendants, or futility in her case. We disagree. The District Court did not abuse its discretion in denying the Rule 15(a) motion as futile because the old and new claims would not survive a renewed motion to dismiss for failure to state a claim upon which relief may be granted. See In re NAHC, Inc. Securities Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Having dispensed with the merits of First Amended Complaint, we turn to the pre-filing injunction. Hollis-Arrington makes no argument on appeal with respect to the pre-

12

filing injunction.  She does not dispute that she received notice and opportunity to be heard before the injunction was imposed.  See In re Oliver, 682 F.2d 443, 445-446 (3d Cir. 1982).  In the exercise of its inherent authority to protect the court from frivolous litigation, the District Court properly found that there was "no doubt that the plaintiffs acted unreasonably, unnecessarily, and vexatiously in continuing to pursue this litigation in the District of New Jersey."  We believe, however, that the wording of the injunction is overbroad.  We have long recognized that a pre-filing injunction is an extreme remedy which must be "narrowly tailored and sparingly used."  Abdul-Akbar v. Watson, 901 F.2d 329, 332 (3d Cir. 1990) (quoting Matter of Packer Ave. Associates, 884 F.2d 745, 747 (3d Cir. 1989).  "Narrowly tailored" means fitting the language of the injunction to the particular circumstances of the case.  Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993).

All of Hollis-Arrington's previous vexatious litigation centers around the defendants allegedly responsible for the foreclosure of her home and her defaulted auto loan.  We note that the Washington D.C. District Court imposed a narrowly tailored pre-filing injunction, essentially prohibiting the plaintiff from filing any further papers in the case except the notice of appeal.  Here, the pre-filing injunction is too broad in that it effectively denies all access to the courts, both state and federal, without leave of the New Jersey District Court.  Moreover, the injunction issued in this case fails to notify the plaintiffs that, upon a failure to certify or upon a false certification, the litigant(s) may be

13

found in contempt of court and punished accordingly. <u>See</u> <u>Abdul-Akbar v. Watson</u>, 901 F.2d at 333. It makes no practical sense for us to modify the order here, and thus we will vacate that portion of the District Court's order setting forth the pre-filing injunction.

Accordingly, we will vacate the District Court's order to the extent that it issued the pre-filing injunction and remand for consideration by the District Court in accordance with this Opinion. We will affirm the judgment of the District Court in all other respects as to all defendants. The Appellant's motions to vacate the order of the Clerk and to strike all of Appellees' briefs are denied.