

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-3-2009

# Roland Anderson v. GM Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2540

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Roland Anderson v. GM Corp" (2009). *2009 Decisions.* Paper 1933.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1933

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2540
_____

ROLAND C. ANDERSON,

Appellant

v.

GENERAL MOTORS

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 05-cv-00877)
District Judge:  Honorable Joseph J. Farnan, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2009
Before:  FISHER, JORDAN and VAN ANTWERPEN, Circuit Judges.

(Filed: February 3, 2009)
_____

OPINION
_____

PER CURIAM

   Roland C. Anderson appeals pro se from the entry of summary judgment in favor

of the General Motors Corporation ("GM") and the denial of his motion for summary

judgment on his claims of employment discrimination and retaliation under Title VII of

the Civil Rights Act of 1964 ("Title VII").

We assume the parties' familiarity with the facts. Anderson, a 52-year-old African-American, filed this suit asserting that GM discriminated against him on account of his race and age by not allowing him to apply for a job at GM's Wilmington facility in March-April 2005, and retaliated against him for filing a complaint with the EEOC by falsely informing the EEOC that Anderson was a temporary employee, which allegedly rendered him ineligible under the union contract for Sub-C and Sub-E benefits and deprived him of the right to be recalled to employment status as a laid-off employee.

Anderson was employed at GM for less than ninety days in 1981 and for about four months in 1982. He started receiving Social Security Disability Income ("SSDI") in 1985 and has not been employed since. In March 2005, Anderson called GM to inquire about job availability and was told by a woman whose name and title he does not know that no job openings existed at the Wilmington facility and that he, Anderson, "was all washed up." He asserts that in April 2005, he learned from a chance encounter with an unidentified uniformed GM employee at a local liquor store that GM had hired some of the employee's friends. He filed a complaint with the EEOC alleging discriminatory hiring on account of race and age. According to Anderson, GM responded to the EEOC complaint by falsely indicating that he had been a temporary employee in 1981 and 1982. Anderson filed another EEOC charge complaining of retaliation. He alleged that GM denied him benefits under the union contract because he filed an EEOC charge. The EEOC dismissed both of Anderson's EEOC complaints. Upon receipt of right-to-sue

2

letters, Anderson filed Title VII complaints in the District Court in December 2005, alleging race and age discrimination in hiring, and in October 2006, alleging retaliation. He sought reinstatement to his job, back pay, and damages.

The District Court consolidated the two complaints in 2007. After a period of contentious discovery, GM filed a motion for summary judgment, asserting, among other things, that Anderson's claims were barred by the doctrine of res judicata, and that, in any event, Anderson failed to establish a prima facie case of discriminatory hiring on account of race and age and that, with respect to the employment discrimination and retaliation claims, Anderson failed to show that GM's reason for not hiring him was pretextual. GM also sought sanctions and a pre-filing injunction against Anderson for filing at least four frivolous lawsuits against GM. Anderson filed a brief in opposition to GM's motion for summary judgment, which he supplemented. He filed a cross motion for summary judgment, which GM opposed.

The District Court granted summary judgment in GM's favor and denied Anderson's motion for summary judgment, concluding that the evidence failed to support a prima facie claim of discriminatory hiring based on race or age. Specifically, the District Court noted that Anderson failed to demonstrate that he was qualified for employment because he was receiving SSDI benefits in March-April 2005. In any event, the court held that Anderson failed to rebut GM's proffered legitimate nondiscriminatory assertion that it was not hiring at the Wilmington facility in 2005. The District Court

determined that Anderson's retaliation claim was barred by the doctrine of res judicata because it was based on seniority and recall rights claims that were previously litigated on their merits. The District Court imposed a pre-filing injunction, requiring that Anderson seek permission of the District Court before filing any lawsuit naming GM as a defendant; it declined to order sanctions against Anderson for filing a meritless lawsuit. Anderson filed this timely appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a District Court's grant of summary judgment, and we apply the same standard applicable in the District Court. See Regents of Mercersburg College v. Republic Franklin Ins. Co., 458 F.3d 159, 163 (3d Cir. 2006). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Saldana v. KMart Corp., 260 F.3d 228, 232 (3d Cir. 2001); FED. R. CIV. P. 56(c). We review the District Court's decision with respect to the pre-filing injunction for abuse of discretion. See Matter of Packer Ave. Associates, 884 F.2d 745, 746-47 (3d Cir. 1989).

In employment discrimination cases, we apply the burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). In a failure to hire case such as Anderson's, a plaintiff must make a prima facie showing that he: (1) is a member of a protected class; (2) was qualified for the position sought; (3) was rejected despite being qualified; and (4) under circumstances that raise an inference of

discriminatory action, the employer continued to seek out individuals with qualifications similar to plaintiff to fill the position. Sarullo v. United States Postal Service, 352 F.3d 789, 797 (3d Cir. 2003) (citing McDonnell Douglas, 411 U.S. at 802). Once the plaintiff presents a prima facie case of discriminatory hiring, the burden shifts to the employer to show that the action it took was not discriminatory. Once an employer presents a non-discriminatory reason for the decision not to hire under Title VII, the burden shifts to the plaintiff to "present evidence contradicting the core facts put forward by the employer as the legitimate reason for its decision." Kautz v. Met-Pro Corp., 412 F.3d 463, 467 (3d Cir. 2005). He must show "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the employer's proffered reason for its action, which a reasonable fact-finder could find unworthy of credence, and thus infer that the employer's asserted non-discriminatory reasons were pretextual or fabricated. See Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994).

It is undisputed that Anderson is a member of a protected class under Title VII. As the District Court noted, however, it is questionable whether he has demonstrated that he was qualified for a position at GM in March-April 2005. Assuming arguendo that Anderson was qualified for a job at GM and that he was denied an application for employment despite his qualification, no reasonable juror could conclude from the record evidence that GM was accepting applications for employment from others with the same qualifications as Anderson in March-April 2005. In any event, we agree with the District

5

Court's reasoning and conclusion that Anderson failed to raise a genuine issue of material fact regarding whether GM's assertion that it had no job openings at the Wilmington facility in March-April 2005 was pretextual. Specifically, Anderson failed to rebut the affidavit of Diane Graham, People Systems Manager for GM's Wilmington facility, attesting that there were no job openings for new applicants or recalled employees at the Wilmington facility from 2004 through 2006. Anderson's assertion that an unidentified GM employee told him in April 2005 that GM had hired some of his friends, without any evidence of what qualifications they had, what type of job they applied for, the date they were hired, or at what facility, simply fails to show that GM accepted applications at the Wilmington facility from other similarly qualified candidates in March-April 2005.

We agree with the District Court's denial of Anderson's retaliation claim but for different reasons. Anderson alleged in his District Court complaint filed in October 2006, that GM retaliated against him for filing the 2005 EEOC complaint when it referred to his employment as "temporary" in its formal EEOC Position Statement filed in 2005. See Anderson v. General Motors, Civ. A. No. 06-00669 (D. Del. 2006) (attaching GM's EEOC Position Statement dated August 1, 2005). Anderson asserted that by calling him a "temporary" worker in its EEOC Position Statement, GM caused him to be ineligible for future Sub-C and Sub-E benefits, and a right of recall under the union contract.[1] As

_____

[1] In support of his claim that he was entitled to union benefits under the National Agreement as an hourly worker, Anderson attached the affidavit of David Bull, GM's Wilmington facility Equal Employment Opportunity Supervisor in 1992-93, who referred

alleged, Anderson's retaliation claim arises out of GM's recent action, and thus, it does not appear to be barred by the doctrine of res judicata.[2]

To establish a prima facie case of retaliation under Title VII, a plaintiff must show that "(1) he was engaged in activity protected by Title VII; (2) the employer took an adverse employment action against him; and (3) there was a causal connection between his participation in the protected activity and the adverse employment action." Nelson v. Upsala College, 51 F.3d 383, 386 (3d Cir. 1995). Once a prima facie case is established, "the familiar McDonnell Douglas approach applies." Moore v. City of Philadelphia, 461 F.3d 331, 342 (3d Cir. 2006). An "adverse action" is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (internal quotation marks and citation omitted).

It is undisputed that Anderson was engaged in a protected activity of filing an EEOC charge. He failed to show, however, that GM took "adverse action" against him after he filed the EEOC complaint. Assuming arguendo that Anderson was entitled to

---

to Anderson as an hourly employee. GM argued that Anderson's employment discrimination and retaliation claims were barred by the doctrine of res judicata because they "related back" to the employment claims that were previously litigated against him in Anderson v. General Motors, 817 F. Supp. 467 (D. Del. 1993). The District Court agreed only as to the retaliation claim.

[2]GM did not raise issue preclusion, or collateral estoppel, as to the question of Anderson's entitlement to a right of recall as a GM hourly employee, and thus, we will not address it here.

Sub-C and Sub-E benefits and to a right of recall under the National Agreement, there is no record evidence that Anderson applied for such benefits or that GM denied him these benefits or the right of recall <u>after</u> he filed his first EEOC complaint. Moreover, no reasonable juror could conclude that GM's mere assertion of its formal position in opposition to an EEOC charge would dissuade a reasonable worker from pursuing his claim or filing a new one. In fact, it did not prevent Anderson from filing his second EEOC complaint.

We have thoroughly reviewed Anderson's remaining claims on appeal and conclude that they are meritless. Accordingly, we will affirm the judgment of the District Court in all respects. Anderson's motion for appointment of counsel is denied.