**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3612
_____

THOMAS PARKER,
                            Appellant

v.

ADMINISTRATOR NEW JERSEY STATE PRISON;
ATTORNEY GENERAL NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-03-cv-00914)
District Judge:  Honorable Stanley R. Chesler
_____

Submitted for Possible Summary Action Pursuant to Third
Circuit LAR 27.4 and I.O.P. 10.6 and on a Motion for a
Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)
February 20, 2020

Before:  RESTREPO, PORTER and SCIRICA, Circuit Judges

(Opinion filed March 3, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Thomas Parker is a New Jersey prisoner proceeding pro se.  In January 2003, he filed a petition in the District Court pursuant to 28 U.S.C. § 2254 challenging his 1993 New Jersey conviction for felony murder and related offenses.  The District Court denied the petition in August 2009.  From 2011 through 2019, Parker filed nearly a dozen motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, most of which raised the same or similar grounds.  The District Court denied each motion.

On September 12, 2019, the District Court entered an order directing Parker to show cause why he "should not be precluded from submitting further Rule 60(b) motions on the same grounds as those previously decided by this court on or before the 15th day of October, 2019."  Order 1, ECF No. 127.  In response to the show-cause order, Parker reiterated the arguments that had been previously raised and rejected in his many Rule 60(b) motions.  On October 2, 2019, the District Court entered an order precluding Parker from filing any further Rule 60(b) motions relating to the same issues.  Parker appealed.

We have jurisdiction under 28 U.S.C. § 1291.[1]  We review the District Court's injunction for an abuse of discretion.  In re Packer Ave. Assocs., 884 F.2d 745, 747 (3d Cir. 1989).

Under the All Writs Act, 28 U.S.C. § 1651(a), district courts can impose filing injunctions on litigants who have engaged in abusive, groundless, and vexatious

---

[1] A certificate of appealability is not required to appeal from the denial of the District Court's order because the order does not dispose of the merits of the underlying habeas proceedings.  See Harbison v. Bell, 556 U.S. 180, 183 (2009).

2

litigation.  See Chipps v. U.S. Dist. Court for Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989).  We have recognized that a filing injunction is an extreme measure that must "be narrowly tailored and sparingly used."  In re Packer Ave. Assocs., 884 F.2d at 747; see also In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982).  Consequently, a District Court must comply with certain requirements when imposing a filing injunction: (1) the order should be entered only in exigent circumstances, such as when a litigant continuously abuses the judicial process by filing meritless and repetitive actions; (2) the District Court must give notice to the litigant to show cause why the proposed injunction should not issue; and (3) the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case.  Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993).

The District Court acted well within its discretion in imposing the filing injunction here.  First, Parker continuously abused the judicial process by raising the same unsuccessful arguments in nearly a dozen motions.  Second, the District Court gave Parker notice of the possibility of a filing injunction and an opportunity to show cause why such an injunction should not issue.  Third, the District Court's order is narrowly tailored insofar as it bars only those claims that the District Court already rejected in Parker's prior Rule 60(b) motions.  Under these circumstances, we cannot say that the District Court erred in concluding that a filing injunction was warranted.

Because this appeal presents no substantial question, we will summarily affirm the District Court's order.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.