CLD-029                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1614
_____

A.P., A Minor, by and through Rasheena Phinisee,
Parent and Natural Guardian;
RASHEENA PHINISEE

v.

UNITED STATES OF AMERICA

Rasheena Phinisee,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-10-cv-01253)
Magistrate Judge: Honorable Richard A. Lloret
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2), or for
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 18, 2021

Before: AMBRO, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed:  November 23, 2021)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

This long-settled case is well documented in judicial opinions. See, e.g., In re Phinisee, 848 F. App'x 90 (3d Cir. 2021) (per curiam); A.P. by & through Phinisee v. United States, 736 F. App'x 309 (3d Cir. 2018) (per curiam); Phinisee v. Layser, 627 F. App'x 118 (3d Cir. 2015); A.P. by & through Phinesee v. United States, 556 F. App'x 132 (3d Cir. 2014). So we presume the parties' familiarity with the pertinent facts.

For this particular appeal, we are concerned with two orders of the District Court entered on January 26, 2021. The first order established "a special needs trust" for proceeds from the personal-injury settlement entered into between appellant Rasheena Phinisee—on her own and on behalf of her minor daughter, A.P.—and the Government. The second order in general enjoined Phinisee from filing pro se anything further in the settled case, and from filing new but related actions against any party to the settled case, absent leave of court. The second order also revoked Phinisee's electronic-filing privileges and excepted from the filing injunction timely notices of appeal.

We have jurisdiction under 28 U.S.C. § 1291. See Isidor Paiewonsky Assocs., Inc. v. Sharp Props., Inc., 998 F.2d 145, 150 (3d Cir. 1993). The District Court's orders are reviewed for abuse of discretion. See Groupe SEB USA, Inc. v. Euro-Pro Operating LLC, 774 F.3d 192, 197 (3d Cir. 2014) (orders granting equitable relief); In re Packer Ave. Assocs., 884 F.2d 745, 746-47 (3d Cir. 1989) (orders imposing filing injunctions).

The Clerk of this Court invited Phinisee to submit argument as to whether we should dismiss the appeal under 28 U.S.C. § 1915(e)(2), or take summary action under

our Local Appellate Rule 27.4 and Internal Operating Procedure 10.6. <u>See</u> Doc. 9.

Phinisee has not done so.

Regardless, we discern no error in the proceedings below, for substantially the reasons given in the January 26, 2021 orders and on the record at the associated hearing conducted by the District Court. Notably, the District Court: (1) was well within its authority to consider a filing injunction, given the extent of Phinisee's vexatious litigation conduct; (2) gave Phinisee ample notice of the prospective filing injunction, along with an opportunity to contest it; and (3) reasonably and narrowly tailored the injunction, which is focused on restricting Phinisee's ability to relitigate the settled case but provides a carve-out for court-approved filings that are non-repetitive, made in good faith, and sufficiently pleaded. <u>Cf.</u> <u>Brow v. Farrelly</u>, 994 F.2d 1027, 1038 (3d Cir. 1993). Because no substantial question is presented in this appeal, we will summarily affirm the January 26, 2021 orders of the District Court.