**BLD-239 and BLD-240**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 15-3194 & 16-1305
_____

ARVIND GUPTA,
                            Appellant

v.

SECRETARY UNITED STATES DEPARTMENT OF LABOR;
WIPRO LIMITED
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-14-cv-04054)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 28, 2016

Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed:  May 5, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Arvind Gupta appeals from orders of the United States District Court for the District of New Jersey granting the defendants' motions for summary judgment, denying his motion for reconsideration, and denying his motion for costs and expenses. Because these appeals do not present a substantial question, we will summarily affirm. See 3d Cir. LAR 27.4; I.O.P. 10.6.

The parties are familiar with the facts, which are thoroughly set forth in the District Court's Opinion, so we will only briefly revisit them here. In 2003, Gupta, a citizen of India, entered the United States to work for Wipro, Ltd., as an H-1B worker, pursuant to a labor condition application that had been approved by the Department of Labor. See Cyberworld Enter. Techs., Inc. v. Napolitano, 602 F.3d 189, 192 (3d Cir. 2010) (noting that "to obtain H-1B visas for their employees, employers must file a 'labor condition application' ('LCA') with the Department of Labor under procedures set forth by 8 U.S.C. § 1182(n)"). The H-1B program is designed to allow professionals from other countries who are employed in "specialty occupations" to work in the United States on a temporary basis. Id. Gupta worked for Wipro until March 17, 2006, and then again briefly in March 2008. Thereafter, Gupta attempted to start a recruiting business with offices in the United States and India, but he "abandoned the business idea later."

In May and June 2009, Gupta filed complaints with the Department of Labor's Wage and Hour Division, alleging that Wipro took unauthorized deductions from his wages and from the wages of other workers. The Administrator of the Wage and Hour Division found no reasonable cause to investigate the complaint. Gupta requested a

2

hearing before an Administrative Law Judge (ALJ), who ultimately found "that summary decision in favor of the Administrator is appropriate" and dismissed Gupta's complaint. Gupta next filed a petition for review with the Administrative Review Board (ARB), which affirmed the ALJ's dismissal of his complaint. In particular, the ARB concluded that Gupta's claims of H-1B violations pertaining to his wages were time-barred, that he was not eligible to file a complaint on behalf of other Wipro employees as an aggrieved competitor because he did not start his own business, and that he could not appeal from the Administrator's discretionary rejection of his request to investigate "credible source" complaints.

In March 2014, Gupta filed in the District Court a pro se complaint under the Administrative Procedure Act (APA) against Wipro and the Secretary of Labor.[1] See 5 U.S.C. § 702. Wipro and the Secretary of Labor filed motions for summary judgment, which the District Court granted. Gupta filed a timely motion for reconsideration, which the District Court denied. Gupta appealed, and the matter was docketed here at C.A. No. 15-3194. Gupta also appealed from a later order denying his motion for costs and expenses; that matter was docketed here at C.A. No. 16-1305. Gupta and Wipro have filed cross-motions for summary action in both appeals.

---

[1] Gupta initially filed the complaint in the United States District Court for the Northern District of California, which, upon Wipro's motion (which was joined by the Secretary of Labor), transferred the matter to the District of New Jersey. To the extent that Gupta seeks review of that transfer order, we lack jurisdiction. See Posnanski v. Gibney, 421 F.3d 977, 980 (9th Cir. 2005) (holding that "a transfer order issued by a district court in another circuit" is "reviewable only in the circuit of the transferor district court.").

The District Court had jurisdiction under 5 U.S.C. § 702, and we have jurisdiction under 28 U.S.C. § 1291. In reviewing final administrative decisions under the APA, "we review the district court's summary judgment decision de novo, while 'applying the appropriate standard of review to the agency's decision.'" Concerned Citizens Alliance, Inc. v. Slater, 176 F.3d 686, 693 (3d Cir. 1999) (quoting Sierra Club v. Slater, 120 F.3d 623, 632 (6th Cir. 1997)). Under the APA, we review agency actions to determine whether they were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). We must determine only "whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." Id. (quotations and citations omitted).

Pursuant to 20 C.F.R. § 655.806(a), "[a]ny aggrieved party" under the H-1B visa program may file a complaint with the Wage and Hour Division pertaining to the enforcement of LCAs. An aggrieved party includes, inter alia, a "worker" or "competitor" whose "operations or interests are adversely affected by the employer's alleged non-compliance with the [LCA]." 20 C.F.R. § 655.715. The Administrator of the Wage and Hour Division determines whether there is "reasonable cause to believe that a violation . . . has been committed, and therefore that an investigation is warranted." 20 C.F.R. § 655.806(a)(2). Notably, "[n]o investigation or hearing shall be conducted on

4

a complaint . . . unless the complaint was filed not later than 12 months after the date of the failure or misrepresentation." 8 U.S.C. § 1182(n)(2)(A); see 20 C.F.R. § 655.806(a)(5).

Gupta left his employment at Wipro in March 2006, and briefly worked for the company again in March 2008. Therefore, the ARB properly concluded that Gupta's complaints, filed in May and June 2009, were untimely to the extent that he sought relief on behalf of himself as an aggrieved worker.[2] Gupta asserted that equitable tolling or equitable estoppel should excuse his untimely complaints because Wipro made him "sign a letter agreement, which included the unauthorized deduction as a condition of employment," "did not provide earning statements . . . for several months," and failed to inform him that the terms of the LCA would control the conditions of his employment. We conclude that, even if the 12-month limitation period is subject to tolling, the ARB's affirmance of the ALJ's rejection of Gupta's argument was not arbitrary or capricious because Gupta failed to adequately explain how Wipro's conduct induced him not to file his complaints within the limitations period. See Sch. Dist. of Allentown v. Marshall, 657 F.2d 16, 19-20 (3d Cir. 1981) (noting that equitable tolling is appropriate when, inter alia, "the defendant has actively misled the plaintiff respecting the cause of action . . . ."

---

[2] Furthermore, the ARB properly concluded that Gupta could not proceed as an aggrieved competitor. In the course of attempting to start a recruiting business, Gupta acquired a June 2009 pay statement from a then-current Wipro employee. According to Gupta, that pay statement provided a basis upon which to file a timely complaint as Wipro's competitor. But because, by his own admission, Gupta never started a business that competed with Wipro, the ARB's conclusion that he did not qualify as an aggrieved

(quoting Smith v. Am. President Lines, Ltd., 571 F.2d 102, 109 (2d Cir. 1978)). We also

agree that Wipro raised a timeliness defense at the first reasonably possible moment after

being notified of the proceedings, and that Gupta had an adequate opportunity to

demonstrate why the timeliness defense should not succeed.[3] Cf. Robinson v. Johnson,

313 F.3d 128, 135-36 (3d Cir. 2002).

Gupta's remaining claims lack merit, substantially for the reasons provided in the

District Court's thorough opinion. In an apparent effort to avoid application of 12-month

limitations period, Gupta sought to bypass the administrative review process completely

by raising his claims directly in the District Court. We agree with the District Court,

however, that no private right of action exists for violations of 8 U.S.C. § 1182(n). See,

e.g., Venkatraman v. REI Sys., Inc., 417 F.3d 418, 422-24 (4th Cir. 2005) (concluding

that there is no implied cause of action under § 1182(n)). Gupta has provided no

authority to the contrary. In addition, although Gupta alleged that the ARB committed

numerous procedural violations during the adjudication of his complaints, he failed to

establish that he was deprived of due process. See Ala. Power Co. v. FCC, 311 F.3d

---

competitor was not arbitrary or capricious.

[3] In November 2010, the ALJ issued an order directing the Administrator to show cause why s/he was not required to conduct an investigation based on Gupta's complaints. The Administrator filed a response in December 2010, alleging that Gupta "does not qualify as an aggrieved worker because any violations that may have been committed against him in that capacity happened more than twelve months before the submission of his complaint to the Wage and Hour" Division. Administrative Record (A.R.), 68 (Dist. Ct. Doc. No. 70). Wipro first received notice of the proceedings sometime after August 30, 2011, and filed a response on November 4, 2011, stating that it agreed with the ALJ's resolution of the matter. A.R. 289-93, 374.

1357, 1367 (11th Cir. 2002) ("We review constitutional challenges to agency orders de novo."). In particular, the alleged violations were minor and would not have denied Gupta sufficient notice or a meaningful opportunity to respond. There is also no merit to Gupta's assertion that the ARB improperly construed his complaints as encompassing only a claim for unauthorized deductions, instead of also including an allegation that Wipro did not pay required wages. It is clear, however, that Gupta's complaints contained no challenge to wages paid by Wipro, and Gupta did not move to amend his complaints to include such a claim. To the extent that Gupta sought review of the ARB's decision to affirm the ALJ's denial of his request to hear his complaint as a "credible source" under 20 C.F.R. § 655.807, we agree that the decision is unreviewable. See 20 C.F.R. § 655.807(h)(2) (providing that parties may not appeal from the Labor Department's refusal to exercise discretion to investigate violations based on credible information received from reliable sources).

We further agree that Gupta's motion for reconsideration did not involve an intervening change in controlling law, newly discovered evidence, or allegations of clear errors of law or fact. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). Finally, contrary to Gupta's assertion, neither 8 U.S.C. § 1182(n)(2)(C)(i) nor Chambers v. NASCO, Inc., 501 U.S. 32, 35 (1991), provide for the award of costs and expenses in this circumstances. Section 1182(n)(2)(C)(i) permits the Secretary of Labor to impose appropriate administrative remedies for violations of certain labor condition application requirements. Chambers involved "scope of the inherent power of a federal

7

court to sanction a litigant for bad-faith conduct." 501 U.S. at 35. Because Gupta was not a prevailing party and has not alleged any bad-faith conduct, the District Court properly denied his motion for costs and expenses.

Accordingly, because there is no substantial question presented by these appeals, we grant Wipro's motions to summarily affirm the judgment of the District Court. Gupta's motions for summary action are denied, as is his motion to strike Wipro's motion for summary action in C.A. No. 15-3194.