BLD-002                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1090
_____

ARVIND GUPTA,
                              Appellant

v.

WIPRO LIMITED;
AZIM HASHIM PREMJI, President of Wipro, in his personal and official capacity;
SECRETARY OF UNITED STATES DEPARTMENT OF LABOR
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:17-cv-01954)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 4, 2018
Before:  AMBRO, VANASKIE, and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 9, 2018)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Arvind Gupta appeals an order of the United States District Court for the District of New Jersey dismissing his civil action. Because the appeal presents no substantial question, we will summarily affirm. See 3d Cir. LAR 27.4; I.O.P. 10.6.

In September 2016, Gupta filed a complaint against his former employer, Wipro, Ltd., its president, Azim Hashim Premji, and the Secretary of Labor.[1] Gupta's allegations stemmed from his belief that Wipro, who had employed him as an H-1B worker, improperly withheld or took unlawful deductions from his wages. Wipro and Premji filed a motion to dismiss, which the Secretary of Labor joined, asserting, inter alia, that the issues that Gupta raised had already been litigated in a prior action that Gupta had filed in 2014 against Wipro and the Secretary of Labor. In the 2014 action, the District Court granted the defendants' motions for summary judgment, see Gupta v. Perez, 101 F. Supp. 3d 437, 462 (D.N.J. 2015), and we affirmed, see Gupta v. Sec'y U.S. Dep't of Labor, 649 F. App'x 119, 123 (3d Cir. 2016). After thoroughly comparing the parties and claims in the prior action with those in the instant complaint, the District Court granted the motion to dismiss, holding that the present action was barred by the doctrine

---

[1] Gupta filed the complaint in the United States District Court for the Northern District of California, which later granted Wipro's motion to transfer the matter to the District of New Jersey. Although Gupta seeks to challenge the transfer, as well as the Northern District of California's denial of his request to commence early discovery, those orders should be reviewed by the United States Court of Appeals for the Ninth Circuit. See 28 U.S.C. § 1294 ("[A]ppeals from reviewable decisions of the district and territorial courts shall be taken . . . to the court of appeals for the circuit embracing the district."); Posnanski v. Gibney, 421 F.3d 977, 980 (9th Cir. 2005) (holding that "a transfer order issued by a district court in another circuit" is "reviewable only in the circuit of the transferor district court.").

of claim preclusion. Gupta v. Wipro Ltd., 2017 WL 6402636, at *12 (D.N.J. Dec. 15, 2017). This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's decision to grant the motion to dismiss. See In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). "Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises claim preclusion … as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000). We may take judicial notice of the record from previous court proceedings. See Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988).

We agree with the District Court that claim preclusion bars Gupta's claims. The doctrine of claim preclusion bars a suit where three circumstances are present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). The principle of claim preclusion bars not only claims that were brought, but also those that could have been brought, in a previous action. In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008).

Here, the first element of claim preclusion is satisfied because there was a final judgment on the merits in the 2014 action. In particular, the District Court granted summary judgment to the defendants in that proceeding, and we affirmed. See Hubicki

3

v. ACF Indus., Inc., 484 F.2d 519, 524 (3d Cir. 1973) (noting that summary judgment is a final judgment on the merits for res judicata purposes). The second element is satisfied because Wipro and the Secretary of Labor were named as defendants both here and in the 2014 action. Although Gupta did not name Wipro's president as a defendant in the 2014 action, the close and significant relationship between those two defendants satisfies the privity requirement. See Lubrizol, 929 F.2d at 966; Confectionery Prods., Inc. v. Heller Fin., Inc., 973 F.2d 474, 481 (6th Cir. 1992) (holding that president of company was in privity with it for res judicata purposes).

We also agree that the third element has been satisfied. "In deciding whether two suits are based on the same 'cause of action,' we take a broad view, looking to whether there is an 'essential similarity of the underlying events giving rise to the various legal claims.'" CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1999) (citing United States v. Athlone Industries, Inc., 746 F.2d 977, 984 (3d Cir. 1984)). Specifically, we analyze "(1) whether the acts complained of and the demand for relief are the same . . .; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same . . .; and (4) whether the material facts alleged are the same." Athlone, 746 F.2d at 984. It is not dispositive that a plaintiff asserts a different theory of recovery or seeks different relief in the two actions. Id.

We agree with the District Court that the claims asserted here and in the complaint filed in the 2014 action involve the same underlying facts, the same causes of action, and the same demands for relief. Gupta's complaint in the 2014 action asserted claims for,

4

inter alia, "unauthorized deductions" and improper "[p]ayment of required wages by Wipro." Gupta, 101 F. Supp. 3d at 444 n.13. Those claims, which arose out of Gupta's employment by Wipro, were based on a breach of contract theory and alleged violations of wage regulations pertaining to H-1B workers. Here, too, Gupta alleged that Wipro breached a contract, "fail[ed] to pay required wages under [the] "INA,'" and "took unauthorized deductions" from his wages. In both proceedings, Gupta sought declaratory and injunctive relief, compensatory and punitive damages, pre-and post-judgment interest, and litigation expenses.

We note that, unlike the 2014 action, the underlying complaint also alleged unjust enrichment, quantum meruit, promissory estoppel, and violations of the California Labor Code and the Fair Labor Standards Act.[2] But because the facts supporting those claims existed during and immediately after Gupta's employment at Wipro – which occurred between 2003 and 2006, and again briefly in 2008 – the claims could have been brought in the 2014 action.[3] In the underlying complaint, however, Gupta alleged that Wipro's

---

[2] Gupta further alleged that Wipro retaliated against him for challenging the allegedly improper wage withholdings and deductions under the INA. This allegation appears to relate to a provision of the INA that prohibits discrimination against employees. See 8 U.S.C. § 1182(n)(2)(C)(iv) (prohibiting employers from "discharg[ing] or in any other manner discriminat[ing] against an employee … because the employee has disclosed information ... that the employee reasonably believes evidences a violation of this subsection"). But no private right of action exists in the first instance for violations of that provision. See Venkatraman v. REI Sys., Inc., 417 F.3d 418, 422-24 (4th Cir. 2005). Instead, a plaintiff may seek judicial review only after administrative remedies have been exhausted. See 20 C.F.R. § 655.805(13).

[3] In the 2014 action, Gupta did move to bring those claims and to add Premji as a

wrongdoing was "continuing" because it failed to pay him for periods during which he was in nonproductive status. See 8 U.S.C. § 1182(n)(2)(C)(vii) (providing that an employer must pay specified wages for work actually performed by the H-1B worker, as well as wages for certain specified nonproductive periods that are due to a decision by the employer). Although we generally must accept as true the complaint's factual allegations, this requirement does not apply when the allegations are contradicted by exhibits attached to the complaint or matters subject to judicial notice." Kaempe v. Myers, 367 F.3d 958, 963 (D.C. Cir. 2004). Here, Gupta's suggestion that he was employed by Wipro in nonproductive status after filing the 2014 action is contradicted by a notice, attached to Gupta's complaint, indicating that his authorization to work for Wipro expired on June 10, 2008.[4] In sum, because the present complaint is premised

---

defendant. That motion was filed almost seven months after the defendants filed their motions for summary judgment. The District Court denied Gupta's motion without prejudice, stating that it was "mak[ing] no finding regarding the viability or timeliness of the newly-proposed claims and the proposed addition of a party." Gupta, 101 F. Supp. 3d at 462 & n.34. The fact that the District Court denied Gupta's motion for leave to add those claims does not prevent the application of claim preclusion in a subsequent action raising identical claims. See Landscape Properties v. Whisenhunt, 127 F.3d 678, 683 (8th Cir. 1997) (holding that after plaintiff's motion to amend its complaint to add additional claims was denied in first suit, those claims were barred in subsequent suit by claim preclusion); Nilson v. City of Moss Point, Miss., 701 F.2d 556, 560 (5th Cir. 1983) (holding that denial of leave to amend to add claims does not prevent application of claim preclusion in a subsequent action where the plaintiff attempts to bring the same claims).

[4] In addition, the record in the 2014 action contains an email from Gupta informing Wipro of his intent to resign "effective March 31, 2006" "since I am not satisfied with the onsite terms of my employment." Furthermore, Gupta's subsequent employment history, as described in other courts' opinions, undermine his claim that he remained employed by Wipro in nonproductive status. See Gupta v. Headstrong, Inc., 2013 WL 4710388, at *1

upon causes of actions that were, or could have been, raised in the 2014 lawsuit between the parties and their privies, which led to a final judgment, the current action is barred by the doctrine of claim preclusion.

For the foregoing reasons, there is no substantial question presented by this appeal. We will thus grant Wipro and Premji's motion for summary affirmance, which was adopted by the Secretary of Labor. We will also deny Gupta's counter-motion for summary action. Wipro and Premji's motion for sanctions and for imposition of a filing injunction is denied. We caution Gupta, however, that we will consider sanctions and filing restrictions if he files repetitive, meritless, vexatious, or frivolous submissions.

---

(S.D.N.Y. Aug. 30, 2013) (indicating that Gupta was permitted to work at Headstrong, Inc., beginning in March 2006, and that he was terminated in November 2006); Compunnel Software Grp., Inc. v. Gupta, 2015 WL 1224298, at *1 (S.D.N.Y. Mar. 17, 2015) (stating that Gupta was granted status to work for Compunnel Software Group from February 2007 until April 2009).