**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3033
_____

ARVIND GUPTA,
                              Appellant

v.

WIPRO LIMITED;
AZIM HASHIM PREMJI, President of Wipro,
in his personal and official capacity;
SECRETARY OF UNITED STATES DEPARTMENT OF LABOR
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:17-cv-01954)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 14, 2019
Before:  JORDAN, GREENAWAY, Jr., and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 2, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Arvind Gupta appeals an order of the United States District Court for the District of New Jersey denying his motion to reopen and granting a motion for a filing injunction. Because the appeal presents no substantial question, we will summarily affirm. See 3d Cir. LAR 27.4; I.O.P. 10.6.

For almost a decade, Gupta has attempted to obtain relief based on his allegation that his former employer, Wipro, Ltd., improperly took unlawful deductions from his wages. In May and June 2009, Gupta filed complaints with the Department of Labor's Wage and Hour Division. The Administrator of the Wage and Hour Division found no reasonable cause to investigate the complaint. Gupta requested a hearing before an Administrative Law Judge (ALJ), who ultimately found "that summary decision in favor of the Administrator is appropriate" and dismissed Gupta's complaint. Gupta next filed a petition for review with the Administrative Review Board (ARB), which affirmed the ALJ's dismissal of his complaint.

In March 2014, Gupta filed a pro se complaint under the Administrative Procedure Act (APA) against Wipro and the Secretary of Labor.[1] Wipro and the Secretary of Labor

---

[1] Gupta initially filed the complaint in the United States District Court for the Northern District of California, which, upon Wipro's motion (which was joined by the Secretary of Labor), transferred the matter to the District of New Jersey. The Northern District of California observed that Gupta "has no California ties and has shown only a tenuous California connection to his claims." See Gupta v. Perez, 2014 WL 2879743, at *4 (N.D. Cal. June 24, 2014).

2

filed motions for summary judgment, which the District Court granted.  See Gupta v.

Perez, 101 F.Supp.3d 437, 462 (D.N.J. 2015).  Gupta filed a timely motion for

reconsideration, which the District Court denied.  See Gupta v. Perez, 2015 WL 5098173

(D.N.J. Aug. 31, 2015).  Gupta appealed, and we summarily affirmed.[2]  See Gupta v.

Sec'y U.S. Dep't of Labor, 649 F. App'x 119, 123 (3d Cir. 2016) (not precedential).

Thereafter, Gupta filed in this Court a motion seeking to transfer to the United States

Court of Appeals for the Ninth Circuit his challenge to the transfer order issued by the

Northern District of California.  See note 1, *supra*.  Wipro and the Secretary of Labor

opposed that motion, and Wipro filed a motion for sanctions.  By order entered July 11,

2016, we denied the motion to transfer and the motion for sanctions "in view of [Gupta's]

pro se status and his alleged uncertainty about the propriety of his transfer motion."  But

we admonished Gupta that we would consider sanctions should he persist in filing

frivolous motions.  Despite this admonition, on July 22, 2016, Gupta filed in the District

Court motions to reopen the case and to transfer it to the Northern District of California.

The District Court denied those motions.

Gupta filed another complaint in September 2016, this time naming as defendants

Wipro, Ltd. and its president, Azim Hashim Premji ("the Wipro Defendants"), and the

---

[2] While that appeal was pending, Gupta filed a "Motion for Costs and Expenses" and a request for leave to file a motion for monetary relief.  The District Court denied both motions.

3

Secretary of Labor.[3]  The Wipro Defendants filed a motion to dismiss, which the

Secretary of Labor joined, asserting, inter alia, that the issues that Gupta raised had

already been litigated in the action that he had filed in 2014.  The District Court granted

the motion to dismiss, holding that the action was barred by the doctrine of claim

preclusion.  See Gupta v. Wipro Ltd., 2017 WL 6402636, at *12 (D.N.J. Dec. 15, 2017).

The District Court also advised Gupta that it would "not hesitate to impose sanctions or

injunctive relief in the event that [he] files further frivolous pleadings.  Id. at *12 n.15.

Gupta appealed, and we summarily affirmed.  See Gupta v. Wipro Ltd., 749 F. App'x 94,

97-98 (3d Cir. 2018) (not precedential).

Meanwhile, Gupta continued to seek relief in the District Court.  On January 11,

2018, he asked the District Court to reopen the case to resolve two allegedly unresolved

motions.  The Wipro Defendants asked the District Court to deny the motion to reopen

and moved for a filing injunction, alleging that, "absent preclusive action from this Court,

Gupta's relentless campaign against, and sheer harassment of, [them] will never come to

an end."  The District Court denied the motion to reopen and granted the request for an

injunction, holding that Gupta had abused the judicial process and had received proper

notice and an opportunity to respond.  Gupta appealed.

The Wipro Defendants have filed a "Motion for Summary Action Dismissing

Appeal."  The Secretary of Labor also seeks summary action as to that portion of the

---

[3] This complaint, too, was initially filed in the Northern District of California, which later

4

District Court's order denying Gupta's motion to reopen. Gupta opposes those motions, and has filed a motion for summary action, asking us to vacate the District Court's filing inunction order.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1292(a)(1). Our review of the denial of Gupta's motion to reopen, which we construe as seeking relief under Federal Rule of Civil Procedure 59(e) or 60(b), is for abuse of discretion.[4] See Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003) (Rule 60(b) motions); Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011) (Rule 59(e) motions). We likewise review the order granting the filing injunction for abuse of discretion. See In re Packer Ave. Assocs., 884 F.2d 745, 746-47 (3d Cir. 1989).

Under the All Writs Act, 28 U.S.C. § 1651(a), District Courts can impose filing injunctions on litigants who have engaged in abusive, groundless, and vexatious litigation. See Chipps v. U.S. Dist. Court for Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989). Such an injunction is an exception to the general rule of free access to the

---

granted Wipro's motion to transfer the matter to the District of New Jersey.
[4] The District Court did not abuse its discretion in denying Gupta's motion to reopen. In that motion, Gupta alleged that the District Court had not adjudicated his motion to transfer the case to the Northern District of California and his motion for leave to file a supplemental complaint. But, on May 3, 2017, the District Court issued a letter order administratively terminating the motion to transfer and implicitly denying the motion for leave to file a supplemental complaint. Cf. United States ex rel. Zizic v. Q2Administrators, 728 F.3d 228, 242 (3d Cir. 2013) (stating that the "District Court implicitly denied Zizic's request for leave to file an amended complaint by granting Q2A's motion to dismiss with prejudice.").

courts and its use against a pro se plaintiff must be approached with caution.[5] In re

Oliver, 682 F.2d 443, 445 (3d Cir. 1982). We have recognized that a filing injunction is

an extreme measure that must "be narrowly tailored and sparingly used." In re Packer

Ave. Assoc., 884 F.2d at 747. Indeed, "[t]he broad scope of the District Court's power

… is limited by two fundamental tenets of our legal system – the litigant's rights to due

process and access to the courts." Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993).

Consequently, a District Court must comply with certain requirements when imposing a

filing injunction: (1) the order should be entered only in exigent circumstances, such as

when a litigant continuously abuses the judicial process by filing meritless and repetitive

actions; (2) the District Court must give notice to the litigant to show cause why the

proposed injunction should not issue; and (3) the scope of the injunctive order must be

narrowly tailored to fit the particular circumstances of the case. Id.

The District Court properly held that exigent circumstances existed, as Gupta's

filing record in the District Court demonstrates that he has abused the judicial process.

For example, even after twice losing in the District Court, Gupta continued to pursue

relief by filing meritless motions to reopen and to transfer the case back to California.

Moreover, he repeatedly asserted invalid legal theories. For instance, in the complaint

that Gupta filed in March 2014, he alleged that Wipro violated the Immigration and

---

[5] Although we have applied that caution here, we note that Gupta is an experienced
litigator who has been involved in several federal court actions based on allegedly
unlawful employment practices by his former employers. See, e.g., Gupta v. Headstrong,

Nationality Act (INA) by making improper wage withholdings and deductions. But, the year before, the United States District Court for the Southern District of New York had rejected Gupta's identical claim, holding that § 212(n) of the INA "does not provide for a private right action in federal court in the first instance for complaints concerning an employer's violation of the Section.'" Gupta v. Headstrong, Inc., 2013 WL 4710388, at *4 (S.D.N.Y. Aug. 30, 2013) (quoting Shah v. Wilco Systems, Inc., 126 F. Supp. 2d 641, 647-48 (S.D.N.Y. 2000). In the 2014 action, the District of New Jersey reached the same conclusion in rejecting Gupta's attempt to bring a claim under the INA. Gupta, 101 F. Supp. 3d at 460-61. We affirmed that holding. Gupta, 649 F. App'x at 122. Despite these losses, Gupta yet again asserted a claim based on a private right of action under the INA in the complaint that he filed in September 2016. In fact, all the claims asserted in the 2016 complaint involved the "same underlying facts, the same causes of action, and the same demands for relief" as those alleged in the complaint filed in 2014. Gupta, 749 F. App'x at 96. In sum, we agree that Gupta's repeated assertion of meritless claims, including those related to reopening and transfer after his cases were closed, demonstrates an abuse of the court system that justifies a filing injunction.

Furthermore, Gupta had notice of the possibility of a filing injunction and had an opportunity to show cause why such an injunction should not be imposed. The District Court warned Gupta of possible injunctive relief when it held that the allegations in the

Inc., S.D.N.Y. Civ. No. 1:12-cv-06652.

7

2016 complaint were barred by claim preclusion. See Gupta, 2017 WL 6402636, at *12 n.15 ("Plaintiff is advised that this Court will not hesitate to impose sanctions or injunctive relief in the event that Plaintiff files further frivolous pleadings."). We, too, admonished Gupta that we would consider sanctions should he persist in the filing of frivolous motions. Furthermore, the motion for a filing injunction, which was served on Gupta, indicated the source of authority for the relief sought and described in detail the conduct alleged to warrant such relief. See Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 334 (2d Cir. 1999) (holding that a motion describing the sanctionable conduct and the source of authority for the sanction provided notice). Gupta clearly had an opportunity to respond, as he filed a response in opposition to the motion for a filing injunction.

Finally, the injunction is properly narrow in scope. It provides that Gupta, "when proceeding *pro se*, is enjoined from making any further filings, or instituting any further actions, against the Wipro Defendants (or any of Wipro's parents, subsidiaries, affiliates, successors, assigns, related entities, employees, agents, representatives, managers, directors, or owners) relating to the termination of his employment from Wipro, without prior leave of this Court."[6] The injunction further states that leave will be freely granted

---

[6] Notably, the Wipro Defendants asked the District Court for a much broader injunction that would have barred Gupta "from making any further filings, or instituting any further actions or process of any kind, in any federal or state courts, or before any administrative agencies, against Wipro (including any of its parents, subsidiaries, affiliates, successors,

8

if Gupta shows that a proposed filing (1) can survive a challenge under Federal Rule of Civil Procedure 12; (2) is not barred by principles of res judicata; and (3) is not repetitive or violative of a court order.  Finally, the injunction carves out an exception for "the filing of timely notices of appeal from this Court to the Third Circuit."  Thus, the injunction applies only when Gupta is proceeding pro se, is limited to only one topic, applies only in the District of New Jersey, and allows Gupta to pursue new, meritorious claims.

Because we conclude that the District Court did not abuse its discretion in imposing the filing injunction and denying Gupta's motion to reopen, there is no substantial question presented by this appeal.  Accordingly, we will grant the Appellees' motions for summary action and affirm the District Court's judgment.  Gupta's motion for summary action is denied.

---

assigns, related entities, employees, agents, representatives, managers, directors, or owners) or Mr. Premji in any way related to his employment with Wipro[.]"