CLD-182                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3405
_____

ARVIND GUPTA,
                                    Appellant

v.

WIPRO LTD; AZIM HASHIM PREMJI, President of Wipro, in his personal and official
capacity; SECRETARY OF UNITED STATES DEPARTMENT OF LABOR

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:17-cv-01954)
District Judge:  Honorable Freda L. Wolfson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2020

Before: JORDAN, KRAUSE, and MATEY, Circuit Judges

(Opinion filed:  May 8, 2020)
_____

OPINION*
_____

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Arvind Gupta, proceeding pro se, appeals from an order of the United States District Court for the District of New Jersey denying his post-judgment "Motion for Leave to Exhaust Administrative Remedies." Because the appeal does not present a substantial question, we will grant the appellees' motions to summarily affirm the order of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In May and June 2009, Arvind Gupta filed complaints with the Department of Labor's Wage and Hour Division (WHD), alleging that Wipro, Ltd. took unauthorized deductions from his wages and from the wages of other employees. An Administrative Law Judge (ALJ) dismissed Gupta's complaints and the Administrative Review Board (ARB) affirmed the ALJ's dismissal. Thereafter, Gupta filed a complaint in the District of New Jersey. The District Court granted the defendants' motions for summary judgment, Gupta v. Perez, 101 F. Supp. 3d 437 (D.N.J. 2015) (Gupta I), and we summarily affirmed, Gupta v. Sec'y U.S. Dept. of Labor, 649 F. App'x 119 (3d Cir. May 5, 2016).

In September 2015, Arvind Gupta filed a third complaint with the WHD. The WHD found no reasonable cause to investigate because the complaint was filed outside the one-year limitations period. Gupta next filed a complaint in the District of New Jersey, seeking to compel the WHD to investigate his claims and asserting that he had cured the defects in his earlier WHD complaints. By order entered December 15, 2017,

2

the District Court granted the defendants' motions to dismiss, concluding that Gupta's claims were barred by claim preclusion because he "either raised, or could have raised, all of the claims asserted in this case in Gupta I." Gupta v. Wipro Ltd., No. 17-cv-01954, 2017 WL 6402636, at *12 (D.N.J. Dec. 15, 2017). We summarily affirmed. Gupta v. Wipro Ltd., 749 F. App'x 94, 98 (3d Cir. Oct. 9, 2018). Later, we affirmed the District Court's denial of Gupta's motion to reopen and its entry of a filing injunction against Gupta. Gupta v. Wipro Ltd., 765 F. App'x 648, 653 (3d Cir. Apr. 2, 2019).

On September 10, 2019, Gupta filed in the closed District Court proceedings a "Motion for Leave to Exhaust Administrative Remedies." Gupta asserted that "[n]ow that [he] has cured the pleading deficiency in his May/June 2009 WHD complaint by filing a new complaint in September 2015, he should be allowed to exhaust his remedies with the ALJ/ARB per the statutory framework as the new WHD complaint is not subject to FRCP 12 challenge in the administrative forum by the Administrator or Wipro defendants." He also claimed that his complaint was not barred by claim preclusion. The District Court denied the motion, stating that "the instant action is closed, and [Gupta's] claims have been fully resolved by this Court, and that decision has been affirmed by the Third Circuit." Gupta appealed.[1]

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, see Isidor Paiewonsky Assocs., Inc. v. Sharp Props., Inc., 998 F.2d 145, 149-50 (3d Cir. 1993) (post-judgment orders are final and immediately appealable), and review the denial of Gupta's post-judgment motion for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). We may affirm on any basis supported by the record. See Fairview Twp. v. EPA, 773

To proceed with his "Motion for Leave to Exhaust Administrative Remedies," Gupta needed to reopen the closed District Court proceedings. Therefore, we construe his motion as seeking relief under Federal Rule of Civil Procedure 60(b)(6). A movant seeking relief under Rule 60(b)(6) must file the motion "within a reasonable time[,]" Fed. R. Civ. P. 60(c)(1), and must "show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

Gupta's motion was filed almost two years after the District Court dismissed his complaint. That period is longer than a reasonable time. See Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987) (holding that a motion brought under Rule 60(b)(6) two years after the district court's judgment was untimely where "the reason for the attack upon that judgment was available for attack upon the original judgment"). Moreover, Gupta failed to demonstrate extraordinary circumstances. Gupta asked to reopen the proceedings so he could "exhaust his remedies with the ALJ/ARB." But Gupta's complaint was not dismissed for lack of exhaustion. Instead, the District Court properly held that Gupta's claims were barred by claim preclusion. Gupta, 749 F. App'x at 96. Therefore, the opportunity to exhaust would not cure the defect that led to dismissal of the complaint. Gupta also asserted that his complaint was not barred by claim preclusion. We have already resolved that issue, however, and Gupta's attempt to relitigate it did not warrant relief under Rule 60(b). See United States v. Fiorelli, 337

F.2d 517, 525 n.15 (3d Cir. 1985).

4

F.3d 282, 288 (3d Cir. 2003) (holding that a Rule 60(b) motion may not be used as a substitute for an appeal, and legal error, without more, does not warrant relief under that provision).

Accordingly, because we conclude that the District Court did not abuse its discretion in denying Gupta's "Motion for Leave to Exhaust Administrative Remedies," we grant the motions to summarily affirm that were filed by Wipro and its president, Azim Hashim Premji, and by the Secretary of Labor, and we will summarily affirm the District Court's judgment. We also grant Wipro's request for costs, and we direct that, going forward, responsive briefing in this Court from the appellees need not be filed unless we specifically order such a response. The parties' remaining requests for relief, including Wipro's request for a filing injunction and Gupta's motion to summarily reverse, are denied.