BLD-158                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1211
_____

DENNIS CAMPBELL; MINDY JAYE ZIED-CAMPBELL,
Appellants

v.

POSTMASTER GENERAL OF THE UNITED STATES

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:88-cv-04820)
District Judge:  Honorable Jan E. DuBois

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 22, 2021
Before:  AMBRO, SHWARTZ, and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 29, 2021)
_____

OPINION[*]
_____

PER CURIAM

    Dennis John Campbell and Mindy Jaye Zied-Campbell, husband and wife, appeal

from a series of post-judgment orders entered by the United States District Court for the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Eastern District of Pennsylvania. Because the appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In 1988, the Campbells filed a complaint against the Postmaster General of the United States. The Postmaster General filed a motion for summary judgment, which the District Court granted in March 1989. After decades of inaction, the Campbells filed a series of motions seeking post-judgment relief. The District Court denied those motion. In addition, by order entered April 3, 2015, the District Court enjoined the Campbells from further filings without first obtaining leave of court, noting that they "have demonstrated a continuous pattern of groundless and vexatious litigation."[1] (ECF 23.) Following entry of that order, the Campbells filed numerous motions for leave to file additional post-judgment motions. The District Court denied those motions "as totally without merit," rejected the Campbells' requests for reconsideration of those denials, refused to act on emails sent by Mindy Zied-Campbell, denied the Campbells' motions to consolidate the case with other District Court actions, and ordered that "all future letters or motions from … plaintiffs … seeking relief previously addressed and denied … will not be docketed and will be returned …." (ECF 40, 46, 50, 51, 55, 59, and 64.) The Campbells filed a notice of appeal (ECF 61), which they later amended (ECF 66).

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1292(a)(1).[2] Our review of the District Court's orders is for abuse of discretion. See Max's Seafood Café v.

---

[1] The Campbells' appeal of that order was dismissed for failure to timely prosecute. C.A. No. 15-2668 (order entered Jan. 30, 2020).

[2] We lack jurisdiction over any orders entered before December 4, 2020, because the

Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (post-judgment motions for reconsideration); In re Packer Ave. Assocs., 884 F.2d 745, 746-47 (3d Cir. 1989) (filing injunctions); Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P., 785 F.3d 96, 100 (3d Cir. 2015) (motions to consolidate). We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We discern no abuse of discretion in the District Court's denial of the Campbells' motions for leave to file post-judgment motions. Setting aside the question whether the April 2015 filing injunction required leave to file to those motions, it is clear that post-judgment relief was not warranted. The Campbells' motions, filed over 30 years after entry of the order granting the Postmaster General's motion for summary judgment and over five years after the April 2015 filing injunction, did not comply with the limitations periods of Federal Rules of Civil Procedure 59(e) and 60(b)(1)-(3), and was unreasonably belated for purposes of Rules 60(b)(5)-(6).[3]

Furthermore, the District Court properly denied the Campbells' requests for reconsideration of the denial of the motions for post-judgment relief. See United States

notice of appeal was untimely as to any of those orders. See Fed. R. App. P. 4(a)(1)(B).

[3] Although the time limits of Rule 60(c)(1) do not necessarily apply to motions under Rule 60(b)(4), see United States v. One Toshiba Color TV, 213 F.3d 147, 157 (3d Cir. 2000) (en banc), the Campbells did not assert that the District Court's orders were "void." See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) (stating that the "list of []infirmities" that render a judgment void "is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule").

3

v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (explaining that a Rule 60(b) motion "may not be used as a substitute for an appeal, and … legal error, without more does not warrant relief under that provision").  We also conclude that the District Court did not abuse its discretion in refusing to act on emails sent by Mindy Zied-Campbell because those emails did not request any relief.  In addition, the District Court properly denied the Campbells' motions to consolidate the case with other actions that they had filed in the Eastern and Middle Districts of Pennsylvania.  There was no basis to consolidate because the cases either involved different defendants, had resulted in final judgments, or shared no common questions of law or fact.  See Fed. R. Civ. P. 42(a).

Finally, we conclude that the filing injunction issued on December 23, 2020, complied with the applicable requirements.  Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993) (providing that when imposing a filing injunction:  (1) the order should be entered only in exigent circumstances, such as when a litigant continuously abuses the judicial process by filing meritless and repetitive actions; (2) the District Court must give notice to the litigant to show cause why the proposed injunction should not issue; and (3) the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case).  First, exigent circumstances existed here, as the Campbells had continued to file duplicative and meritless motions in an action that had been closed for decades.  Second, the April 2015 filing injunction put the Campbells on notice that their groundless and vexatious litigation would not be tolerated.  Third, the December 23, 2020 injunction was narrowly tailored, applying to only "future letters or motions … seeking relief previously addressed and denied …."  Cf. Abdul-Akbar v. Watson, 901

4

F.2d 329, 333 (3d Cir. 1990) (approving of a pre-filing injunction that contains a statement that, in seeking leave of court, a litigant must certify, inter alia, that the claims she wishes to present are new claims never before raised and disposed of on the merits by any federal court).

For the foregoing reasons, we conclude that this appeal does not present a substantial question.  Accordingly, we will summarily affirm.[4]

---

[4] The Campbells' motion for appointment of counsel is denied.